## THAYER v. THE PEOPLE.

Douglass.
2d 417
82  134

Grand jurors drawn, and appearing upon summons, are presumed to be legally qualified and properly returned, and the circuit court will not interfere to set aside the panel, or any part of it, unless upon cause shown by a person having a right to question its legality.

The grand jury is formed under the direction of the court; and a challenge, either to the array or to the poll, can only be made by a person *under prosecution,* and whose case is about to be brought before the jury.

One who makes such challenge must show to the court that he is so under prosecution.

ERROR to Calhoun Circuit Court.    The case appears in the opinion.

*P. Farrand,* for the plaintiff in error.

*H. N. Walker,* Attorney General, for the People.

MILES, J. delivered the opinion of the court.

Thayer, the plaintiff in error, was indicted at the May Term, 1846, of the circuit court, for burglary; and, before the grand jury by whom the bill was found were sworn, moved, by his counsel, to quash the array of grand jurors for the reason assigned, 1. That six of the towns of the county made no returns of jurors for the year 1845, and 2dly. That the fourteen towns who made their returns, made them irregularly.    Which motion was resisted by the prosecuting attorney, and overruled by the court. This proceeding has, by writ of error, been brought into this court.

At common law, if a man who was returned as a grand juror was disqualified, or was not returned by a proper officer, he might be challenged by any person *under prosecution,* before the bill was presented.    1 Chit. Cr. Law, 307 ; Burn's Jus. Ch. 25, § 16; Hawk. Pl. C. b. 2, c. 25, § 16.    In the place of the common law mode of selecting and returning the jurors by the sheriff upon a venire issued to him, our statute provides that the ju-

rors to be summoned, both grand and petit, shall first be drawn from a list of names previously returned to the office of the county clerk, by the assessors and township clerk of each town in the county, in imitation of the ancient practice, which required the sheriff to select some of the persons returned by him from every hundred.

The grand jury is formed under the direction of the court, and a challenge, either to the array or to the polls, is properly confined to those who are *under prosecution* and whose case is about to be submitted to the consideration of the jury.

In this case, it does not appear that any evidence whatever was offered to the court below, to show that the defendant had a right to take this objection to the empanneling of the jury. It is true he was subsequently indicted by the grand jury then empanneled, but he made no showing to the court, so far as appears from the return, that he was then under prosecution, and that his case was about to be brought before that jury.

Neither does it appear upon what grounds the motion was resisted; whether the prosecution took issue upon the facts relied upon by the defendant, as the ground of the application, or whether the same were upon demurrer submitted to the judgment of the court. The most that appears is from an order entered by the clerk, in which it is said that the court, upon examination of the record and returns, found that three of the towns of the county did, for the year 1845, make regular returns, and that, from their number, so regularly returned, of the present panel of the grand jurors, fourteen were regularly drawn; and then follows this language: "And further, the court now here overrule the motion to quash the array of grand jurors." Whether this motion was overruled, because enough of qualified jurors who had been duly returned, to find a bill of indictment, appeared; or because the defendant did

not show, by evidence, that he was in the predicament which authorized him to make the motion, does not appear, and cannot appear from the record. We are bound to presume the court below decided the motion upon legal grounds until error therein manifestly appears.

This precise question arose in the case of *Hudson* v. *The State of Indiana*, 1 Blackf. R. 317, upon the following state of facts: Upon the calling of the grand jury, a gentlemen of the bar informed the court that he was of counsel for Hudson, who was in custody of the sheriff upon an indictment found at the last term, and still pending; and that the grand jury were about to investigate his conduct touching a certain murder lately committed in the county. He offered to prove that the clerk, when issuing the venire, said he would select for grand jurors, such men as were disqualified to serve as traverse jurors on the trial of the defendant, on the said indictment, and that the clerk did make such selection, and that the panel of grand jurors was not selected by the commissioners. The circuit court decided that under the circumstances stated by his counsel, Hudson had no right by law to the challenge which he claimed; and, on error, the supreme court affirmed the judgment. In the opinion delivered in the supreme court by *Blackford* J. the law is recognized as laid down in *Hawkins* before refered to; and he says that the facts stated by the defendant's counsel, are no kind of evidence that he was, at the time, *under a prosecution* for a crime of which the grand jury were about to take cognizance. See also 8 Mass. R. 286. This doctrine is again recognized and adopted in the same court, in the next year, in the case of *Ross* v. *The State*, 1 Blackf. R. 390, and in which it is said this right of challenge should be claimed either by the accused himself, or by his counsel. It appears, then, from these cases, that a court will not entertain a challange to a grand jury, at the instance of any other than

the person described in the rule in Hawkins; and that evidence must be given of the right to make such challenge.

The jurors being duly drawn, and appearing upon the summons of the sheriff by virtue of his writ, are presumed to be good and lawful men, and in all other respects legally qualified and properly returned; and it is only upon good cause shown, by a party having a right to question the legality of the proceeding, that the court will interfere, and set aside the pannel, or any part of it; and the defendant not having shown that right, the circuit court would have erred in sustaining the challenge.

The judgment must be affirmed.

*Judgment affirmed.*