Dow *& a.* v. EDES *& a.*

The grantee of an undivided half of a sufficiency of water, for a certain purpose, takes by his grant no more than one half of the whole quantity of water in the stream, whenever such quantity is, by natural causes, diminished below such sufficiency.

In a grant of water "for the benefit of the clothing works only," the quantity of water, and not the use to which it may be applied, is limited.

A forfeiture of a grant can only be taken advantage of by the grantor and his heirs.

IN EQUITY.   The plaintiffs own certain water rights in common with the defendants, and pray that the shares of the respective owners may be set out to them.

April 24, 1819, Walcott and Cheney owned all the premises and

water privileges of all these parties, and on that day conveyed certain land and water for tanning purposes to Henderson, reserving the other water rights.   By this conveyance, the defendants, Hunton and the Ladds, have their title.

December 29, 1819, the same grantors conveyed to Ingram & Field another tract of land, " with a privilege to take and use the water in and from the factory dam above, and canal, for the benefit of the clothing works only," and reserving the water rights conveyed and reserved in the deed to Henderson.   This is defendant Scribner's title.

The residue of the Walcott & Cheney land and privileges came by sundry conveyances to Durkee, who, on August 25, 1825, conveyed to the N. M. M. Co. a certain tract of land, six acres, " together with the privilege of using an undivided half of a sufficiency of the water that may pass down and through said canal to  operate a grist-mill with two run of stones, and a saw-mill with a  head and fall of twenty feet," various other privileges and easements reserved in the conveyances before made, and, after reserving the rights before granted, " one undivided half of all the rights and privileges appertaining to said dam, canal, and water-privilege, and all the right of using said proportion of all the surplusage of water that may pass in said canal; and the said Durkee excepts and reserves the right and privilege of having all the residue of said water, not above granted and conveyed, to pass in and through said canal and through the premises hereby conveyed, to the factory building at the  northerly end of the canal or elsewhere."   The defendant Edes has the premises and rights conveyed by this deed, which conveyed the fee of the land where the dam and head of the canal are situated.

June 22, 1836, Durkee conveyed, in mortgage, to Amasa Edes, a certain tract of land with factory and other buildings, " and a privilege of water, being the one undivided half of a sufficiency of water passing down in  the factory canal to operate a grist-mill with two run of stones, and a saw-mill with twenty feet head and fall," and, after granting certain easements and privileges of repairing and rebuilding the dam and canal, " all my rights and privileges connected with said canal and dam."   The plaintiffs have the title given by this mortgage.

The defendant Edes claimed that Scribner's right to the water was forfeited by putting it to other uses than for clothing works.   The court so ruled, and Scribner excepted.

Edes also claimed that the true construction of the grant of water in his deed would give him all the surplus of water mentioned, and that " the undivided half of a sufficiency of water," &c., should be construed to mean a constant quantity unvaried by natural causes, if there were so much water in the stream.   The court ruled that the plaintiffs and the defendant Edes were owners, in common and undivided, of.equal shares ; that there should be first set out to each an undivided half of a sufficiency of water to run a grist-mill with two run of stones, and a saw-mill with a  head and fall of twenty feet ;—after this, the right of Hunton and the Ladds, and then the right to Scribner, if any,

and that the residue should be equally divided between the plaintiffs and Edes. Defendant Edes excepted.

*Burke*, for the plaintiffs.

*Wait* and *A. Edes*, for Edes.

*Barton*, for Scribner.

*Parker* and *Colby & Batchelder*, for Hunton and the Ladds.

ALLEN, J. The plaintiffs and the defendant Edes are entitled each to an equal quantity of water. The rights of each owner of an undivided thing extend over the whole and every part of it. 2 Bouv. Law Dic. 621. An "undivided half" of a thing involves the idea of another half in common; and the owners of each, in the absence of express limitation, must have equal rights and privileges in the whole, and each owner will be equally affected by any change in the thing undivided. When Durkee granted the half of a sufficiency of water to operate a grist-mill with two run of stones, and a saw-mill with a head of twenty feet, which Edes now enjoys, he retained an equal quantity, and afterwards conveyed the same, which the plaintiffs now enjoy. So, too, by a fair construction of the deeds, the plaintiffs and Edes are entitled to an equal share in the surplus of water, after satisfying the rights of the other defendants. For the deed under which Edes claims title conveys an " undivided half of all the remaining rights and privileges appertaining to said dam, canal, and water-privilege, and all the right of using said proportion of all the surplusage of water," and the other half of these remaining rights and privileges and of the surplusage, not then conveyed, passed afterwards in the mortgage of Durkee, under which the plaintiffs claim, by the grant of " all my rights and privileges connected with said dam and canal." The same rights and privileges also passed by Durkee's mortgage, as incident to the grant of the factory to which the canal ran, for Durkee was then in the occupation and enjoyment of the rights not before conveyed. *Dunklee* v. *Wilton Railroad*, 24 N. H. 489, and cases cited.

The grant, in the deed under which Scribner has title, of water " for the benefit of the clothing works only," is not a conditional limitation by which the grant is forfeited whenever the water is applied to a different purpose. Conditions subsequent are not favored in law, and can only be created by clear and unmistakable terms. 2 Bl. Com. 155; 4 Kent Com. 134; 2 Wash. R. P. 6; *Chapin* v. *School District*, 35 N. H. 450; *Emerson* v. *Simpson*, 43 N. H. 477.

The phrase, in the deed by which the water is granted, contains none of the words commonly used to create an estate upon condition, nor is there any clause providing for a reëntry by the grantor, or a forfeiture for condition broken. The words of the grant may be construed to mean sufficient water only, for the benefit of the clothing

works. Besides, neither the defendant Edes, nor any other party in this proceeding, can take advantage of the forfeiture if one has been wrought. Only the grantor and his heirs can resume the estate for condition broken. 4 Kent Com. 127 ; 2 Wash. R. P. 5 ; *Dewey* v. *Williams,* 40 N. H. 222.

The exception of the defendant Scribner is sustained. The other exceptions are overruled, and the shares of the parties in the water, including Scribner's share, are to be set out to them as determined, and in the order indicated by the court at the trial term.

STANLEY, J., did not sit.