DEARBORN *v.* NELSON, *Adm'r.*

<div style="float:right">61  249<br>68  178</div>

The assignee of a non-negotiable right of action takes it subject to the legal defences, including set-off, that exist at the time of the assignment.

The foreclosure of a mortgage operates as payment of the mortgage debt to the value of the property obtained by the foreclosure.

The value of the property may be shown in a subsequent suit brought to recover the mortgage debt, or a suit in which the debt is set up as a defence in set-off.

ASSUMPSIT, for usurious interest received by Berry, the defendant's intestate, from the plaintiff. Facts found by a referee. The plaintiff, having paid Berry more than six per cent. interest on notes given for hired money, made an assignment of his claim against Berry's estate for the usury; and this suit is brought for the benefit of the assignee. At the time of the assignment, the defendant, as administrator, held two of the notes, and they had not been paid. They were originally secured by mortgages, which have been foreclosed on land of less value than the amounts of the debts. In a suit brought on one of the notes, cattle were attached and sold by the officer, against whom suits have been brought by the plaintiff. These suits and negotiations for their settlement are pending; and the referee is of opinion that a compromise will be effected that will include the note.

*H. P. Rolfe*, for the plaintiff.

*Shirley & Carr*, for the defendant. The defendant could have maintained an action on the notes and another action on each mortgage at the same time, but could have but one satisfaction of

each debt. Foreclosure pays the mortgage debt to the extent of the value of the property. *Took* v. *Hartley*, 2 Dick. 785; *Amory* v. *Fairbanks*, 3 Mass. 562; *Newall* v. *Wright*, 3 Mass. 150; *Briggs* v. *Richmond*, 10 Pick. 396; *West* v. *Chamberlin*, 8 Pick. 338; *Hatch* v. *White*, 2 Gall. 154; *Omaly* v. *Swan*, 3 Mason 474; *Leland* v. *Loring*, 10 Met. 125; *Dunkley* v. *Van Buren*, 3 Johns. Ch. 330; *Globe Insurance Co.* v. *Lansing*, 5 Cow. 380; *Lansing* v. *Goelet*, 9 Cow. 346; *Spencer* v. *Harford*, 4 Wend. 385; *Hunt* v. *Stiles*, 10 N. H. 466; *Smith* v. *Packard*, 19 N. H. 575; *Cross* v. *Gannett*, 39 N. H. 140; *Brown* v. *Simons*, 45 N. H. 212; *Green* v. *Cross*, 45 N. H. 574, 576.

DOE, C. J. The assignee of the plaintiff's non-negotiable right of action took it subject to the legal defences existing at the time of the assignment. His acquisition of an equitable right did not extinguish or avoid the defendant's equitable set-off. *Sanborn* v. *Little*, 3 N. H. 539; *Wiggin* v. *Damrell*, 4 N. H. 69; *Duncklee* v. *G. S. M. Co.*, 23 N. H. 245; *Thompson* v. *Emery*, 27 N. H. 269. The foreclosure of the mortgages operated as payment of the mortgage debts to the value of the property obtained by the foreclosure. The amount of the payments thus received may be found in this suit. The pending negotiations for a settlement are not a payment or discharge of the debt.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.