PEASLEE v. TOWER.

Construction given to certain deeds conveying water rights.

A forfeiture of a grant can only be taken advantage of by the grantor and his heirs.

CASE, for obstructing the flow of water from Clark's pond, in Canaan, to the plaintiff's mill on the Mascoma river at Factory Village in the same town. The opinion sufficiently states the material facts, which were found by a referee.

*G. W. Murray* and *Pike & Parsons*, for the plaintiff.

*J. D. Weeks, F. D. Currier*, and *Bingham, Mitchells & Batchellor*, for the defendant.

BLODGETT, J. September 5, 1845, George Davis, who owned the outlet and more or less of the land bordering on Clark's pond, conveyed to W. W. George the water privilege situated on said pond, and the right to build a dam across the outlet, "and also the right to raise the water of said pond on all the land owned by said Davis five feet above high water mark, and to draw the same for any purpose through or over said Davis's land." August 13, 1846, George and one Kelley, conveyed by warranty deed, in common form, to one Fairfield and four others, the dam which George had built at the outlet of said pond, the description being as follows: "A certain dam, situated in said Canaan between Clark's pond in said Canaan and the bridge over the outlet of said pond, and the right at all times to raise the water three feet high in the present flume, or to the present high water mark in said pond, and the right at all times, when a majority of said grantees need it, to draw said quantity of water, and also the right at all times to flow all the lands on or about or in said pond, owned by us or

either of us, whenever it may be necessary for said grantees in order to get the above described quantity of water, *on condition* of the said grantees keeping in repair said dam at their own expense; hereby reserving the right of raising said dam five feet high from the said three feet of water in the present flume, or from the present high water mark in said pond, and also the right at all times to draw water down to the grantees aforesaid above expressed and described quantity of water, but at no time to raise said dam, or draw said water, to the damage, risk, or injury of said grantees." Subsequently, and on the first day of November, 1847, George and Kelley conveyed to Foster, Whitney & Elliott the rights remaining in them, expressly subject, however, to the rights and privileges before conveyed to Fairfield and others, and also to the reservation to themselves, their heirs and assigns, of the right "to draw water from said dam whenever it can be done without damage to said Foster, Whitney & Elliott."

The defendant has all the rights conveyed to Foster, Whitney & Elliott by this conveyance, and is also the owner of all the land and rights at the outlet of said pond remaining in Davis after his aforesaid conveyance to George; while the plaintiff owns or is in possession of the mills and privileges at Factory Village which were owned by Fairfield and his associates at the date of their deed from George and Kelley, and also holds all their rights in the waters of Clark's pond, unless, as claimed by the defendant, they were not transferable, or have become lost and forfeited through non-performance of the condition to keep the dam in repair. The first of these claims is disproved by the deed itself to Fairfield and others, which in terms was "to them, the said grantees, and their heirs and assigns . . forever;" and the second would also seem to be disproved by the findings of the referee, which are, substantially, that the dam was repaired from time to time by the plaintiff's grantors, until, in 1857, a new stone dam was built at the outlet of the pond a few feet below the old one, and at the height of five feet above high water mark; that the new dam is in fact a substitute for the old one, and has been used as such by all the parties since it was built, and that the plaintiff's grantors contributed to its erection. But if it be conceded that the condition has been broken, it cannot aid the defendant, and the objection is not open to him, because a forfeiture of a grant can only be taken advantage of by the grantor and his heirs. *Dow* v. *Edes*, 58 N. H. 193, 196, and authorities cited.

The rights of the parties, then, must be determined by the deeds to which reference has been had, and in our view the conclusion is irresistible that the plaintiff has the same right to draw water from Clark's pond that Fairfield and his associates acquired under the deed of 1846 from George and Kelley, which unmistakably was the first and paramount right to raise the water in the then existing flume three feet, or to high water mark in said pond, and

to draw the said quantity of water; and it is therefore unnecessary to determine the extent of the plaintiff's rights as a riparian owner on Mascoma river.

In accordance with the provisions of the printed case, the report of the referee is recommitted for the assessment of damages.

*Recommitted accordingly.*

STANLEY, J., did not sit : the others concurred.