## SMITH *v.* LEWISTON STEAM MILL.

In assumpsit for goods sold, on the question of payment alleged to have been made after the cause of action accrued and after the commencement of the suit, the defendant has the burden of proof.

When a payment has not been applied by either party to either of several items of debt, the equitable application made by the law may extinguish first the items for which the security is most precarious.

ASSUMPSIT, for logs sold and delivered. Facts found by a referee. In the winter of 1879–'80 the plaintiff delivered logs to the defendants under a contract which required the agreed price to be paid one half May 1, one fourth September 1, and one fourth November 1, 1880. In March, 1880, the plaintiff and the defendants agreed that $1,829.50, a part of the price, should be paid by the defendants to a third person, W. S. S., in discharge of

his claim for stumpage. At the date of the writ, October 7, 1880, a part of the price being due and unpaid, the plaintiff obtained security therefor by foreign attachment in this suit. Since the suit was brought, the defendants have paid the stumpage claim of W. S. S. The sum paid him is more than the amount due the plaintiff at the date of the writ, and less than the quarter of the price that became due November 1, 1880. The defendants are insolvent.

*Ladd & Fletcher*, for the plaintiff.

*Bingham, Mitchell & Batchellor* and *O. Ray*, for the defendants.

ALLEN, J. When the suit was commenced, October 7, 1880, there was no defence. The payment since made by the defendants to a third person has no more effect as a defence than it would have if made to the plaintiff. When the money passed from the defendants, at the plaintiff's request, to a person authorized by the plaintiff to receive it, the delivery operated, between the plaintiff and the defendants, as if made to the plaintiff in partial extinguishment of the debt incurred by the defendants' purchase of the logs. Saund. Pl. & Ev. 632; *Partridge* v. *Dartmouth College*, 5 N. H. 286. For the purposes of this case, its effect depends upon the law relating to the application of payments.

Payment made after the commencement of the action does not disprove the breach of contract alleged in the declaration. It is admissible in confession of the breach and in avoidance of damages. The breach being admitted, and subsequent payment being set up in discharge of the cause of action that existed when the suit was brought, the defendants have the burden of proof. *Benton* v. *Burbank*, 54 N. H. 583, 588. They must show a balance of probability sustaining the position that there was a payment, applied by them, or by the plaintiff, or by the law, in discharge of the cause of action on which the suit was brought. To show payment of the debt that was due October 7, 1880, the defendants must show a payment applied to that debt. The payment made after that day is immaterial, if it was applied in partial discharge of the cause of action that arose when a quarter of the price of the logs became due, November 1, 1880. It does not appear whether the stumpage claim was paid before or after that date, and its previous payment cannot be assumed. The defendants' burden of proof is sustained by no presumption of law or fact. If the payment was made after November 1, as it was not applied by the defendants or the plaintiff to either of the items of debt then due, the law would apply it to the earliest item if there were no equity or reason for a different application. Particular equities have

precedence.    *Caldwell* v. *Wentworth,* 14 N. H. 431, 438; 2 Gr. Ev., *s.* 529.    It being equitable that the whole debt should be paid, it cannot be inequitable to extinguish first those items for which the security is most precarious.    *Field* v. *Holland,* 6 Cranch 8, 28; *Stamford Bank* v. *Benedict,* 15 Conn. 437, 443, 445.    The defendants being insolvent, the rule of equitable precedence would apply the payment to the unsecured item that had become due November 1, rather than to the earlier one that had been secured by foreign attachment.

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.