Coös,
June, 1894.

COLBY *v.* McCLINTOCK *& a.*

The holder of a note secured by mortgage may pursue his separate remedies on the note and on the mortgage successively or concurrently; and if concurrently, the amount of the judgment in each suit will be the full amount due on the note.

ASSUMPSIT, to recover the amount due upon promissory notes. Trial by the court, April term, 1894. The notes were secured by a mortgage of real estate, upon which the plaintiff recovered a conditional judgment at the same term, the amount adjudged due to the plaintiff being the full amount of the notes. The defendants claimed that the value of the land for the possession of which the conditional judgment was rendered should be deducted from the amount due upon the notes, and judgment for the balance only should be rendered in this action. It was

ruled otherwise, and a verdict for the full amount was filed, to which the defendants excepted, and which they moved to set aside.

*Perrin T. Kellogg*, for the plaintiff.

*Ladd & Fletcher*, for the defendants.

WALLACE, J.   The mortgagee has a remedy on his notes against the person and property of the debtor.   He also has another separate and independent remedy on the mortgage, by foreclosure to enforce the lien upon the debtor's real estate which by the mortgage he has charged with the payment of the debt represented by the notes.   The mortgage may be discharged without releasing the mortgagor from his personal liability on the debt; and the personal liability on the debt may be terminated by a discharge in bankruptcy or insolvency of the mortgagor without extinguishing or discharging the mortgage. Neither is a judgment against the validity of the mortgage necessarily a bar to the suit on the notes; nor is a judgment against the right of the mortgagee to recover in a personal suit on the notes necessarily a bar to a suit of foreclosure.   The mortgagee may pursue his remedies successively or concurrently.   2 Jones Mort., *ss.* 1215, 1222; 4 Kent 184; *Burnell* v. *Martin*, 2 Doug. 417; *Ely* v. *Ely*, 6 Gray 439.

The amount of the judgment in the suit on the notes must be for the full amount of the mortgage debt, as the mortgagee may elect and may be able to recover the full amount of his claim from property outside of the mortgaged security, as he has the right to do.   To make the judgment less than the full amount would deprive him of this right.   The amount of the judgment on the foreclosure proceedings must be the amount of the mortgage debt, otherwise the mortgagor might redeem for less than that amount.   If the mortgagee was bringing his personal action on the mortgage debt after foreclosure, it would be necessary to ascertain the value of the land to determine whether the mortgage debt was satisfied, and if not, the amount for which the judgment should issue.

In this case the mortgagee is pursuing his remedies concurrently, and the value of the mortgaged property at this time is not material to the issue in the foreclosure suit, or in the personal suit on the mortgage debt.   Subsequent payment or satisfaction of the debt in whatsoever way made, whether upon the personal judgment by levy on property other than the mortgaged property, or upon the foreclosure proceeding, will discharge both proceedings; and a partial payment or satisfaction upon either will operate as a discharge of both judgments to the amount of

the payment. 2 Jones Mort., *s.* 1219; *Woodbury* v. *Swan,* 58 N. H. 380, 383; *Dearborn* v. *Nelson,* 61 N. H. 249.

Application to the court, when the foreclosure is complete, for an injunction to restrain the plaintiff from collecting the judgment, on the ground that it is satisfied or nearly so and it would be inequitable to collect it, will bring in issue the question of the value of the land taken on foreclosure, and will furnish a complete and simple remedy.

*Exceptions overruled.*

CHASE, J., did not sit : the others concurred.