Carroll,  
Dec. 5, 1905.

## McKEEN v. COOK.

Where the holder of three promissory notes secured by a mortgage of real estate, having obtained a conditional judgment upon two of them and foreclosed, brings an action of assumpsit upon the third, it is incumbent upon the defendant to support a plea of payment by appropriation of the mortgaged premises, by evidence that the land taken was of sufficient value to satisfy the note in suit, in addition to those included in the prior judgment.

Assumpsit, to recover the amount of a promissory note. Writ dated November 25, 1904. Plea, the general issue. Facts agreed, and case transferred from the June term, 1905, of the superior court by *Stone*, J.

The defendant gave the plaintiff, for an adequate consideration, three promissory notes for $833.33 each, dated May 15, 1901, payable to the plaintiff or order in one, two, and three years from date respectively, with interest, and a mortgage of a certain tract of land to secure their payment. The notes due in one and two years not being paid, the plaintiff recovered, June 26, 1903, a conditional judgment for their amount in an action at law; and was put in possession of the land mortgaged, September 23, 1903, by virtue of a writ of possession that was issued upon the judgment. He held the possession for more than a year. The note in suit is the one that became due in May, 1904. The plaintiff took no steps to determine the value of the land acquired by the foreclosure. The defendant's motion for an order of nonsuit and the plaintiff's motion for an order of judgment in his favor for the amount of the note were both denied, subject to exception.

*Jewell, Owen & Veazey*, for the plaintiff.

*Jewett & Plummer*, for the defendant.

Chase, J. The defence is payment, not at or before the time the note became due, but subsequently (September 23, 1904), when the plaintiff appropriated the mortgaged land by the foreclosure of his mortgage. In other words, the defendant confesses the making of the promise, its validity, and a breach of it, but attempts to avoid the breach by showing a state of facts which he says atoned for it, or paid all damages to which the plaintiff is entitled by reason of it. In such case, the burden is upon the defendant to support his defence by a preponderance of the prob-

abilities. *Buzzell* v. *Snell*, 25 N. H. 474; *Kendall* v. *Brownson*, 47 N. H. 186 (both the opinion of the court and the dissenting opinion of Judge *Doe*); *Benton* v. *Burbank*, 54 N. H. 583; *Smith* v. *Steam Mill*, 66 N. H. 613. The plaintiff was under no obligation to prove in the first instance the value of the land acquired by the foreclosure.

The foreclosure paid the plaintiff's notes only to the extent of the value of the land acquired by it. *Hunt* v. *Stiles*, 10 N. H. 466; *Smith* v. *Packard*, 19 N. H. 575; *Green* v. *Cross*, 45 N. H. 574; *Dearborn* v. *Nelson*, 61 N. H. 249; *Fletcher* v. *Chamberlin*, 61 N. H. 438, 494; *Clark* v. *Jackson*, 64 N. H. 388; *Colby* v. *McClintock*, 68 N. H. 176. There is no presumption of law that the value of the land was sufficient to pay any part of the note in suit, in addition to the payment of the two notes included in the conditional judgment. The question of value and of the amount of the payment effected by it is purely one of fact. *Lane* v. *Barron*, 64 N. H. 277; *Stevens* v. *Fellows*, 70 N. H. 148. As the value was not agreed to, and the defendant offered no evidence regarding it, he failed to support his defence in whole or in part; and the plaintiff is entitled to judgment for the amount of his note.

*Defendant's exception overruled : plaintiff's exception sustained.*

All concurred.