Carroll,
Jan. 5, 1926.

### OLIN NICHOLS *v.* ROSA FERNALD & *a.*

A provision, in a deed conveying the right to draw water from a spring on land of another, that the water is to be taken only for the use of the grantee's buildings, is subject to the exigencies of reasonable and ordinary conduct and is not to be construed as prohibiting taking the water away from the buildings in negligible quantities.

A wrong reason for a correct ruling does not invalidate the ruling.

It is not to be assumed that a duty of but slight practical consequence is a condition when the language of the deed is not explicit to that effect. If it is doubtful whether a clause is a condition or a covenant, the court will incline against the former construction.

BILL IN EQUITY, to enforce rights conveyed by deed to use the water of a spring on the defendants' land by an aqueduct leading to the plaintiff's premises. Decree for plaintiff. The defendants excepted to the master's rulings relative to the construction of the deed, and to the court's refusal to recommit the master's report for further findings. The opinion states further facts. Transferred by *Branch*, C. J.

*Felker & Gunnison*, for the plaintiff.

*William N. Rogers*, for the defendants.

ALLEN, J. The plaintiff's title is derived from a deed containing the following language: "This conveyance is hereby restricted by the following condition, viz., The grantee and his heirs or assigns shall not take water from said spring for any other purpose than for the use of his own farm buildings. Neither shall he or his heirs or assigns permit any others to take or conduct said water away from his said buildings, and if he, his heirs or assigns shall fail to abide by the foregoing condition, then this deed shall be void, and of no effect." This clause was followed by a reservation to the grantor and his assigns of the first use of the water, even to the complete exclusion of the grantee, and a requirement for the grantee to turn the waste water, after leaving his buildings, across the road upon the grantor's land. The defendants' title to the grantor's premises is derived from deeds which include the latter's rights in the spring. The defendants opened the spring for use of the water by their cattle, and removed the plaintiff's aqueduct. This conduct was found to be unnecessary

for the first use of the water, and, as a complete destruction of the use granted, an unreasonable interference with the plaintiff's rights.

The ruling that a finding of the contamination of the spring by parties unknown would be immaterial was correct, in the absence of the offer of further evidence to show that the pollution was permanent rather than temporary and remedial measures were not available to save it from complete loss and restore it.

Rulings that it would be immaterial to find that prior to the deprivation of the plaintiff's supply he had closed the spring with the result of the defendants' cattle's suffering from thirst, and that the defendants' subsequent removal of the cover of the spring did not interfere with the flow of water through the plaintiff's pipe, were also correct. The master's finding that cattle drinking from the spring injured it for the granted purpose of domestic use of the water tended to prove the plaintiff's right to cover it as a measure of reasonable maintenance. He was entitled to protect the quality as well as the quantity of the water. The defendants' right to the first use of the water did not entitle them to unreasonable use either in manner or amount. That their cattle could not be reasonably watered except by drinking out of the spring is an assertion which defies common knowledge. Moreover, if the plaintiff's conduct had been wrongful, it would give the defendants no retaliatory right to take his property away from him. Their right to the first use of the water might be reasonably maintained and was entitled to observance, but failure to observe it would give no right of unreasonable maintenance by unnecessary interference with the plaintiff's subordinate supply.

The ruling of immateriality of a finding that the plaintiff had permitt[1] water coming from the spring to be taken away from his buildings was also correct. The reason assigned that the deed prohibited it only by an extension of or connection with the aqueduct may not, however, be sustained. The grant was appurtenant to the plaintiff's premises, and by its terms the water was to be taken only for the use of the grantee's buildings. Conservation of the supply to prevent interference with the grantor's preferential use was important, and the provision for avoidance of the deed if water was permitted to be "taken or conducted" away from the buildings was not limited in the manner, method or mode of so doing.

Diversion of the supply from use at the buildings being prohibited, the manner of accomplishing the diversion is not a test of the prohibition. If the grantee had used the water, without further aqueduct construction, for irrigating his land, it would be a clear breach

of the limitation of use. · While there was another good well on the grantor's land, the reservation of his primary use of the one to which rights were granted indicates that restrictions in character of use were contemplated as inseparably connected with the extent of use in the regulation of quantity. The rule applied in grants of water power sufficient to run specified machinery (*Essex Co.* v. *Gibson, ante,* 139) is not pertinent to the grant under consideration. Obviously the grant, containing no statement or testimonial reference by which the exact amount of water to be used could be practically measured, and made with the probability of a varying extent of use according to the requirements of each party as time went on, was not intended to establish any defined limit of quantity.

But the prohibition is subject to the exigencies of reasonable and ordinary conduct, and is not to be construed as being so unnecessarily drastic as not to permit the water to be taken away from the buildings in negligible quantities. Giving a passing traveler water for his empty automobile radiator would not be regarded as a forbidden act, and, as defendants' counsel conceded, it would not "be wrong if somebody came to get a pail of water." Any diversion substantially affecting the security of the grantor's primary supply must be the test under a reasonable construction of the deed. ·

The defendants' request did not call for such a finding. It was for a finding of diversion not shown to be material. The finding would be immaterial, and the request was therefore rightly denied. *Roberts* v. *Company*, 78 N. H. 491, 493. A wrong reason for a correct ruling does not invalidate the ruling. *Mason* v. *Company*, 79 N. H. 300, 304.

It was correctly ruled that the requirement to turn the waste water upon the defendants' land was an assumed covenant rather than a condition of the grant. Not only is it in another sentence from that relating to forfeiture, but further, when the importance of the duty expressly subject to the condition is compared with the unimportance of such disposal of the waste water, any purpose to subject the requirement to the condition is clearly negatived. The disregard of the requirement for many years on the grantee's side and inattention to its enforcement on the grantor's side makes the conclusion of its trivial value and importance the only one fairly to be drawn, and it is not to be assumed that a duty of but slight practical consequence is a condition when the language is not explicit to such effect. "And if it is doubtful whether a clause in a deed be a condition or a covenant, courts will incline against the former con-

struction." *Hoyt* v. *Kimball*, 49 N. H. 322, 326. See also *Boston &c. Railroad* v. *Railroads*, 65 N. H. 393, 462, and cases cited.

In the absence of brief or oral argument on either side, validity of the decree is made dependent on the construction of the deed as determined, and it is assumed that the exceptions were intended to raise the questions considered. How far the same result may also be reached by reason of the rule that the penalty of forfeiture for breach of a condition subsequent may not be assigned, but inures only to the grantor and his heirs (*Dewey* v. *Williams*, 40 N. H. 222; *Dow* v. *Edes*, 58 N. H. 193; *Peaslee* v. *Tower*, 62 N. H. 434; *Ashuelot National Bank* v. *Keene*, 74 N. H. 148, 151), has not been considered.

*Exceptions overruled.*

All concurred.