Hillsborough, }
July 2, 1947. } No. 3644.

ALBERT AMODEO & *a.* *v.* CHRIS A. ALLEN.

*Samuel A. Margolis* (by brief and orally), for the plaintiffs.

*Sullivan & Dolan (Mr. Dolan* orally), for the defendant.

KENISON, J. While "the law is well settled that the accommodation party is not liable to the party accommodated either at common law . . . or under the negotiable instruments law" (*Perley* v. *Wing*, 82 N. H. 299, 300), the defendant is liable to the plaintiffs as holders for value "notwithstanding [they] at the time of taking the instrument knew him to be only an accommodation party." R. L., c. 366, s. 29; 5 Uniform Laws Anno. s. 29.

Consideration of defendant's exceptions to the denial of motions for a nonsuit and a directed verdict raise only the question whether there was any evidence upon which the Court could reasonably find that the balance of the note plus interest equals $1,000. *Bank* v. *Malloy*, 93 N. H. 197. There was testimony by one of the makers that he gave plaintiffs' agent a note of $600 of a third party, receiving in return $150 in cash and a receipt for $350. The receipt was not produced or its absence satisfactorily explained. Subsequently the agent notified the defendant: "Have some sort of an arrangement whereby if we are lucky and the note which I am holding is paid, there will be a credit of $350 on your obligation." There was no evidence that this note was ever paid and the Trial Court could properly find that this was not a collectible credit which was or should have been applied on the defendant's note.

The credibility of the witnesses as to what payments were made presented factual matters for the Trial Court which, when supported by the evidence, must be upheld on appeal. See, *McKeen* v. *Cook*, 73 N. H. 410. The defendant's exceptions are therefore overruled and the order is

*Judgment on the verdict.*

BLANDIN, J., did not sit: the others concurred.