Rockingham,
No. 4720.

CHARLES A. PIKE

*v.*

JUSTIN D. HARTFORD & *a.*

Submitted April 8, 1959.
Decided June 30, 1959.

*Leo Liberson* for the plaintiff, furnished no brief.

*Griffin, Harrington* and *Brigham* for the defendants, furnished no brief.

LAMPRON, J. The main issue in this case is the location on the ground of the northwest corner of plaintiff's land. This is a question of fact and if there was any evidence to support the

findings and recommendations of the master the Trial Court's action in approving his report and issuing a decree in accordance therewith must be sustained. *Harris* v. *Crocker,* 97 N. H. 311, 312; *Fagan* v. *Grady,* 101 N. H. 18, 22.

Plaintiff owns the DeWitt hotel situated at the corner of Chestnut and Porter Streets. When a double house was converted into the hotel in 1903 its foundation was not altered. There was evidence that the southwesterly corner of its foundation wall sets at the intersection of Chestnut and Porter Streets.

The Hartford building owned by the defendants is situated at the corner of Chestnut and Congress Streets. It was erected "in the '20's" and a plan received in evidence shows the northwesterly corner of this building to be at the intersection of Chestnut and Congress Streets.

A plan recorded with a deed in 1815 was introduced in evidence. It showed the distance on the easterly side of Chestnut Street between Porter and Congress Streets to be 150 feet.

By deed dated July 23, 1894, Elvira P. Mendum conveyed to Charles H. Mendum a tract bounded southerly by Warren (now Porter) Street and having a frontage on Chestnut Street of "seventy-five feet more or less." The northerly part thereof having a frontage of "twenty-five feet" on Chestnut Street was conveyed to Amon O. Benfield the defendants' predecessor in title. The balance with a frontage on Chestnut Street of fifty feet "more or less" and bounded on the south by Porter Street is now plaintiff's property.

The lot at the corner of Congress and Chestnut Streets on which the Hartford building is located was acquired by defendants' predecessor in title on July 11, 1914, from John S. Melcher. The deed described a tract bounded northerly by Congress Street, with a frontage on Chestnut Street of "a distance fixed by plan in the office of the assessors of taxes of said Portsmouth as seventy-five and 2/10 feet to land of Amon O. Benfield."

On the basis of the 1815 plan showing the distance on the east side of Chestnut Street between Porter and Congress Streets to be 150 feet and the above conveyances of these premises as being "seventy five and 2/10 feet" and "seventy five feet more or less" along Chestnut Street between Porter and Congress Streets the master could properly find that this "indicates an intent of the original divider to split the Chestnut Street frontage in two equal parts."

Having found that the northwest corner of the Hartford building marked the northerly end of the frontage on Chestnut Street and the southwesterly corner of the foundation of the DeWitt hotel the southerly end of it the master could properly find that "the westerly terminus of the boundary line between these two tracts where it intersects Chestnut Street at exactly one half the distance between the point marked by the northwesterly corner of the foundation of the Hartford building and the southwesterly corner of the foundation of the DeWitt Hotel building."

The parcel situated north of this midway point marking the westerly terminus on Chestnut Street of the boundary line between the two original tracts is owned by the defendants. Out of the tract south of that point the defendants' predecessor in title was conveyed a lot having a frontage on Chestnut Street of 25 feet (being "the tract which was first conveyed out of the Mendum Estate") and the balance of the land adjoining on the south is plaintiff's property. The master could therefore properly fix the northwesterly corner of plaintiff's land and the southwesterly corner of defendants' land "at a point on Chestnut Street situate twenty-five feet southerly of one half the distance between the southwesterly corner of the foundation of the DeWitt Hotel building and the northwesterly corner of the foundation of the Hartford building." As there is no dispute between the parties as to the easterly terminus of the boundary between their land the "boundary line between land of the parties shall then extend easterly on a straight line to corner as previously found by the Court in the prior hearing."

There being evidence in the record in support of the master's findings and recommendations, the Trial Court's approval thereof and decree in accordance therewith and the denial of contrary motions by the plaintiff were proper. *Fagan* v. *Grady,* 101 N. H. 18.

*Decree affirmed.*

All concurred.