Carroll
No. 6726

DAVID DOVE & *a.* v. KNOX MOUNTAIN CORPORATION & *a.*

April 30, 1974

*Cooper, Hall & Walker* and *Robert C. Varney (Mr. Varney* orally) for the plaintiffs.

*McLane, Graf, Greene & Brown* and *Jack B. Middleton* and *R. David DePuy (Mr. DePuy* orally) for the defendants.

GRIFFITH, J. These are two bills in equity consolidated for the purpose of joint trial and disposition and involving the property rights of lot owners and the developer of a real estate subdivision in Ossipee. Prior to trial, all issues between the parties were disposed of by stipulation except the claim of the plaintiffs that defendant Knox Mountain Corporation should be enjoined from developing an area referred to as the "driving range." This issue was tried before *John H. Leahy,* judicial referee, who recommended the denial of the injunctive relief sought by the plaintiffs. *Batchelder,* J., accepted the referee's report and reserved and transferred plaintiffs' exceptions. In oral argument the plaintiffs limited their prayer for relief to enjoining further development of the "driving range."

The development involved is known as Indian Mound and all of the plaintiffs are lot owners who purchased their lots either from Robert Draper or the present developer, Knox Mountain Corporation. Robert Draper owned Indian Mound from 1966 to 1968. He then sold the development to Knox Mountain Corporation at that time wholly owned by George Schroeder. George Schroeder has given his interest to his wife and sons but continues to manage the corporation.

Knox Mountain Corporation agreed to take over the obligations of Indian Mound according to an instrument setting forth the specified matters to be attended to. There is no reference in any written agreement to the "driving range" area. This area is shown on a sketch of the Indian Mound Development as adjoining the first fairway of the golf course and indicated by the words "Driving Range." The so-called driving range was operated for one season but became defunct in 1967 and overgrown except for part of it where Mrs. Schroeder had a small garden. The driving range was not part of the nine-hole public golf course which in turn was not part of the development. The area occupied by the defunct range is now being developed

by Knox Mountain Corporation under the designation of subdivision 10.

The plaintiffs claim that they understood the area in question was never going to be developed and would remain a "green" area. They claim that this representation influenced them in the purchase of lots in Indian Mound. The referee found: "Upon consideration of all the evidence presented, it is found as a fact that none of the plaintiffs were induced to purchase their respective lots by reason of any express or implied representation by any of the named defendants, acting for themselves or for Knox Mountain Corporation, that the area designated as 'Driving Range' or Sub-Division 10 would never be developed but would remain forever as a so-called green area."

While the plaintiffs argue that certain language in the instruments is ambiguous, they agree that in order to bind the defendants not to construct on the "driving range" area they must rely upon extrinsic evidence. While this court is the final authority on the interpretation of deeds and contracts (*Peerless v. Clough*, 105 N.H. 76, 193 A.2d 444 (1963)), "[i]n the interpretation of a contract the findings of the trial court based upon evidence of the surrounding circumstances are findings of fact which are binding in this court if supported by the evidence." *Copeland Process Corp. v. Nalews, Inc.*, 113 N.H. 612, 615-16, 312 A.2d 576, 579 (1973); *Guy v. Hanley*, 111 N.H. 73, 75, 276 A.2d 1, 3 (1971). While the evidence in this case was conflicting, if there is any evidence to support the referee's report, the "[t]rial [c]ourt's action in approving his report and issuing a decree in accordance therewith must be sustained." *Pike v. Hartford*, 102 N.H. 135, 138, 152 A.2d 602, 605 (1959).

The transcript shows there was evidence to support the referee's findings and the credibility of the various witnesses presented factual matters for the trier of facts "which, when supported by the evidence, must be upheld on appeal." *Amodeo v. Allen*, 94 N.H. 370, 371, 54 A.2d 363, 364 (1947); *see Peter Salvucci & Sons, Inc. v. State*, 110 N.H. 136, 155, 268 A.2d 899, 911 (1970); *Atherton v. Concord*, 109 N.H. 164, 166, 245 A.2d 387, 389 (1968).

Plaintiffs excepted to the refusal of the referee to rule upon nine of their requests. The other findings and conclusions of the referee rendered these requests immaterial and the referee's refusal to rule on them so indicated. *Perkins v. Company,* 93 N.H. 459, 460-61, 45 A.2d 210, 212-13 (1945); *Nichols v. Fernald,* 82 N.H. 186, 188, 131 A. 836, 837 (1926).

*Exceptions overruled; judgment for defendants.*

GRIMES, J., did not sit; the others concurred.