[No. 9,243.   Department Two. — July 18, 1884.]

## G. BERNERO, RESPONDENT, v. THE SOUTH BRITISH & NATIONAL INS. CO., ETC., AND THE NATIONAL FIRE & MARINE INS. CO., ETC., APPELLANTS.

INSURANCE — NOTICE OF LOSS — PARTIES. — Where two insurance companies issue a policy against loss by fire in which the several liability of each is distinctly set forth, they may be joined as defendants in an action to recover a loss; and where a notice of such loss was addressed to only one of the companies, but served on an agent of both, who countersigned the policy, it is sufficient to fix the liability of both.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

C. E. Thom, and A. M. Stephens, for Appellants.

Smith & Hupp, for Respondent.

The COURT. — The grounds on which it is insisted that the demurrer to the complaint should have been sustained are, (1) that it does not state facts sufficient to constitute a cause of action, and (2) that there is a misjoinder of parties defendant.

In support of the first ground it is urged there is no allegation that notice of the loss was given to the defendants. The allegation is, that soon after the fire occurred the plaintiff served on the agent of the defendants an instrument in writing, of which a copy is annexed to the complaint and marked Exhibit A. By reference to that exhibit it will be seen that among other things it states that on December 24 and 25, 1883, the building insured was destroyed by accidental fire. It was addressed to only one of the defendants. But the allegation is that it was delivered to the agent of the defendants. The defendants, while assuming a several liability, did so by executing a single policy in which the liability of each is distinctly set forth. The same general agent executed the policy for both defendants, and it is countersigned by a local agent of both of them. It was to the latter that the exhibit to which we have referred was delivered. This, in our opinion, constituted a substantial compliance with the law.

As to the other ground of demurrer—the misjoinder of parties defendant—it is only necessary to say that the defendants were "severally liable upon the same obligation or instrument," and it was optional with the plaintiff to include them, or not, in the same action. (Code Civ. Proc. § 383; *Powell* v. *Powell*, 48 Cal. 234; Pomeroy Remedies, § 306.)

As we read the complaint, it states but one cause of action, and it is not made a ground of demurrer that "two causes are improperly united in one count," although that point is raised in defendants' brief.

Judgment affirmed.