JOHN C. LIDDELL, Respondent, v. THOMAS FISHER *et al.*, Appellants.

Kansas City Court of Appeals, March 7, 1892.

1. **Practice, Appellate:** VARIANCE. An objection in the appellate court that there is a variance between the petition and the evidence, and between the case made in the petition and in the instructions, will not avail, where there is no affidavit that the variance had misled to the objector's prejudice, nor any objection to the introduction of evidence, and both parties treated the petition alike, and the appellant, in his motion for a new trial, raised no objection to the instructions.

Liddell v. Fisher.

2. **Practice, Trial:** MINGLING TWO ACTIONS IN ONE COUNT. Where there is a statement of two separate and distinct causes of action in one count, defendant should request the court at the proper time to require plaintiff to elect.

3. **Practice, Appellate:** CONTRIBUTORY NEGLIGENCE: CONFLICT OF EVIDENCE. If the evidence in relation to contributory negligence is conflicting, the appellate court will not disturb the finding of the jury.

4. ———: OBJECTION TO EVIDENCE. If no sufficient objection is made to the introduction of evidence, no complaint thereof will be heard in the appellate court.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge. ,

AFFIRMED.

*Vories & Buchanan*, for appellants.

(1) There was a fatal variance between the petition and the evidence, between the case made in the petition and the instructions given, the petition making a case of injuries arising from the wilful orders and directions of the defendants, and the instructions confining the case to carelessness or negligence. Carelessly and wilfully are not equivalent terms, and cannot be so joined as to constitute negligence. *Bindbeutal v. Railroad*, 43 Mo. App. 468; Smith on Neg. [ Ed. 1886 ] p. 3, and note E; Redfield & Shearman on Neg. [ 4 Ed.] sec. 57; *Wright v. Fonda*, 44 Mo. App. 634–643; *Wilkins v. Railroad*, 101 Mo. 93; *Railroad v. Bryan*, 107 Ind. 51; *Railroad v. Burdge*, 94 Ind. 46; Shear. & Redf. on Neg., sec. 7. (2) In actions for negligence or wilful injury, the evidence should correspond to the specific wrong charged. The plaintiff cannot state one cause of action in his petition, and recover upon another. The petition and proof must correspond. *Russell v. Whitley*, 50 Mo. 196; *Wolf v. Walker*, 56 Mo. 292; *Newham v. Kenton*, 79 Mo. 382; *Baldwin v. Whaley*, 78 Mo. 186; *Ross v. Ross*, 81 Mo. 84; *O'Brien v. Steel Co.*, 100

Mo. 182; *Reed v. Bott*, 100 Mo. 62; *Harty v. Railroad*, 95 Mo. 368; *Ischer v. Bridge Co.*, 95 Mo. 261; *O'Brien v. Loomis*, 43 Mo. App. 20-34, 5, 6, 7; *Murphy v. Railroad*, 43 Mo. App. 354. (3) The evidence of the plaintiff shows that his own negligence contributed to the injury sustained in exposing himself to danger in the middle of the shaft, whilst his proper position was on the side of the shaft, where he would have been perfectly safe; and, as his own testimony showed his negligence, it was error in the trial court to submit that question to the jury at all, but it should have instructed the jury to find for defendants, and on this account this judgment should be reversed. *Callahan v. Warne*, 40 Mo. 131; *Buesching v. Gas Co.*, 73 Mo. 229; *Milburn v. Railroad*, 86 Mo. 104; *Meyer v. Railroad*, 6 Mo. App. 27; *Shoenlan v. Friese*, 14 Mo. App. 436; *Ashbrook v. Railroad*, 18 Mo. App. 290; *Dunn v. Railroad*, 21 Mo. App. 200. (4) This case should be reversed because of the ruling of the court permitting improper evidence to go to the jury in relation to what was the custom of plaintiff at other places where he worked, as to the manner of tying or hitching timbers preparatory to sending them down coal shafts.

*G. J. Clark*, for respondent.

(1) If two causes of action were improperly blended in one count, the defendants could only raise the point by a motion to require plaintiff to elect, or by a demurrer, and cannot take advantage of the irregularity after verdict by motion in arrest. *Owens v. Railroad*, 58 Mo. 395; *Bigelow v. Railroad*, 48 Mo. 510; *Welsh v. Stewart*, 31 Mo. App. 376; *State ex rel. v. Dulle*, 45 Mo. 271. By pleading to the merits formal defects are waived. *Hurst v. City of Ash Grove*, 96 Mo. 168. If there was a variance between the petition and the evidence, it could have only been taken advantage of in the manner presented by the statute. This was not done. R. S. 1889, sec. 2096; *Corrigan v. Brady*, 38

Liddell v. Fisher.

Mo. App. 649 ; *Turner v. Railroad*, 51 Mo. 501 ; *Clements v. Maloney*, 55 Mo. 360 ; *Bank v. Westlake*, 21 Mo. App. 565 ; *State v. Boogher*, 8 Mo. App. 600 ; *Hoyt v. Quinn*, 20 Mo. App. 74 ; *Wells v. Sharp*, 57 Mo. 56 ; *Meyer v. Chambers*, 68 Mo. 626 ; *Bank v. Wills*, 79 Mo. 276    Although plaintiff alleged more than enough to make out a case of negligence, this does not preclude him from recovering upon proof of the necessary facts to make out the case of negligence.    He may abandon the other allegations and treat them as surplusage.    *Radcliffe v. Railroad*, 90 Mo, 127 ; *Floyd v. Gilkey*, 29 Mo. App. 211 ; *Taylor v. Holman*, 45 Mo. 371 ; *Clark's Adm'r v. Railroad*, 36 Mo. 215 ; *Mooney v. Kennett*, 19 Mo. 551 ; *Henry v. Lowe*, 73 Mo. 98.    They are not in a position to raise the question of variance for the following reasons :    *First*, that they did not demur, but on the contrary pleaded on the merits.    *Second*.    They did not object to the introduction of testimony under the petition.    *Third*.    They did not object to the introduction of the evidence on the ground of variance.    *Fourth*. They did not file the affidavit required by the statute. *Fifth*.    They tried the case on the theory adopted by the court and respondent, without objection or exception.    (2)    The question of contributory negligence was properly submitted by the instructions, and the finding of the jury ought not to be disturbed.    *Roddy v. Railroad*, 104 Mo. 234 ; *Dickson v. Railroad*, 104 Mo. 491 ; *Weber v. Railroad*, 100 Mo. 194 ; *Taylor v. Railroad*, 26 Mo. App. 336.

GILL, J.—Plaintiff was employed by defendants in their work of sinking a coal shaft at Randolph, Clay county, Missouri. While thus engaged, along with other employes, and when the shaft was down about thirty-five feet, a heavy piece of timber was allowed to fall into the excavation and upon the plaintiff, doing him serious personal injury. Plaintiff brought this action for damages, alleging in his petition that "the

defendants carelessly, negligently and wilfully directed, ordered and caused a heavy piece of timber, being twelve feet in length and eight by ten inches thick, to be rapidly and forcibly pushed and slid into said shaft where said plaintiff was at work, and upon and against said plaintiff, without fault of his," etc. The answer was a general denial coupled with the ordinary plea of contributory negligence. The evidence for the plaintiff tended to establish the negligence complained of, but there was no evidence that the damage was *wilfully* committed. The instructions of the court submitted the case to the jury alone on the question of negligence, entirely ignoring the charge of wilfulness. Plaintiff had a verdict and judgment for $2,000, and defendants appealed.

I. The first objection is stated : "That there was a fatal variance between the petition and the evidence, between the case made in the petition and the instructions given." It is claimed "that the petition makes a case of injuries arising from the wilful orders and directions of the defendants, while the instructions confine the case to carelessness and negligence."

There are several reasons why defendants can have no advantage from this attack on the judgment. In the first place the variance will be deemed immaterial, since defendants did not show by affidavit that the supposed variance had actually misled them to their prejudice in maintaining their defense upon the merits. R. S. 1889, sec. 2096. In the second place the evidence alleged to have been at cross-purpose with the petition was not objected to, when offered. In the third place both parties treated the petition as a good one on the ground of negligence, and in bringing forward the proof for both sides entirely ignored the allegation of wilfulness. The word "wilful" was treated as mere surplusage. And, in the fourth place, defendants must be here considered as submitting to the correctness of the instructions given ( and these submitted the case

wholly on the charge of negligence ), because in their motion for a new trial they failed to call the trial court's attention to any supposed error in such instructions. And, *lastly*, we will say that the contents of the petition are not fairly stated, when it is said to be based on the charge alone of wilful injury. It is alleged in the petition "that the defendants *carelessly*, *negligently and wilfully* directed, ordered and caused." etc. At most this was a declaration in one count of both negligence and wilful commission of a wrong. If then there was a statement of two separate and distinct causes all in one count defendants should have requested the court at the proper time to require plaintiff to elect.

What is said above disposes, too, of the second and third points of defendant's brief. And as to the *fourth* point, to-wit, that the evidence showed unmistakably contributory negligence on the part of the plaintiff, we dispose of it by saying that the evidence in that direction was conflicting, and since the jury has decided the point against the defendants we will not disturb such finding.

As to the last objection presented in defendant's brief, to-wit, alleged error in permitting plaintiff to testify as to the customary manner of letting down timbers into a coal shaft, it is sufficient to say that no sufficient objection was made to the introduction of such evidence, and, hence, no complaint will now be heard on that account.

Judgment affirmed. All concur.