## Phelan et al. v. Iona Savings Bank et al.

| 48 | 171 |
| 64 | 48 |
| 48 | 171 |
| 205s 4 | 67 |

1. *Decree in Personam—What is, etc.*— In a suit to foreclose a mortgage brought against the administrator and the heirs of a deceased mortgagee, none of whom were personally liable for the payment of the mortgaged debt, the court found that there was due from the defendants to the complainants the sum of $1,263.61 and $30 attorney fees, and ordered that the defendants pay to complainants within ten days the said sum with lawful interest, etc., and that in default of such payment the mortgaged land, or so much thereof as might be necessary to satisfy the debt, etc., be sold at public vendue for cash, etc., and out of the proceeds to pay the costs and amount due the complainants. *It was held* that the decree was objectionable, in so far as it purports to find an amount due from the defendants to the complainants, and in ordering them to pay the same, but that it was not in this proceeding a decree *in personam.*

2. *Effect of the Mortgagee's Default at Common Law.*—Under the common law, a default in the performance of the conditions of a defeasance worked an absolute forfeiture of the estate, but in equity a mortgage was only regarded as a security for the indebtedness, and a right of redemption after a default was established.

3. *Judgment in Personam at Common Law.*— At common law a mortgagee might, if he desired a judgment *in personam,* bring his action at law upon the mortgage indebtedness.

4. *Jurisdiction of the Courts to Render Decrees* in Personam *in Foreclosure Suits.*— Our courts are without jurisdiction to render judgments or decrees for the payment of the mortgage indebtedness against defendants in foreclosure proceedings. Under the statute they can only render a decree for the balance of the amount that may be found to be remaining unpaid after the mortgaged premises have been sold and the proceeds applied under the decree.

**Memorandum.**—Writ of error to the Circuit Court of Scott County. Mortgage foreclosure in chancery; the Hon. GEORGE W. HERDMAN, Circuit Judge. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, A. D. 1892.

### PLAINTIFFS' STATEMENT OF THE CASE.

On the first day of February, 1886, John Phelan borrowed $1,200 from W. M. R. Vose and executed to him a bond, due five years after date, with interest at seven per cent, payable half-yearly, to secure payment of which he executed to complainant Kimball, as trustee, a deed of eighty acres of land in Scott County, subject to the condition of defeasance usual in such cases. Vose assigned this bond to " The Iona Savings Bank, of Tilton, New Hampshire." The bond having matured, suit for foreclosure was brought to the April term, 1891, of the Scott Circuit Court, by the bank and trustee, as complainants, against the plaintiffs in error. The bill alleges the making of the bond and mortgage; the maturing and non-payment of bond; that the maker had died, leaving surviving him Mary Phelan, his widow, and Annie, Mary, John, Edward, William and Sylvester Phelan, his children and only heirs at law; that defendant Annie is an infant; that defendant Lawless is administrator of the estate of said John Phelan, and defendant John Kelley claims some interest in the mortgaged land. H. B. Kelley was appointed guardian *ad litem* for said infant and filed a general answer. All other defendants were defaulted. The cause was referred to the master, who made a report, and on the first day of May, 1891, the decree complained of was rendered.

The opinion contains a copy of the decree.

### PLAINTIFFS' BRIEF.

The bill charges and the decree finds that plaintiff in error Lawless was administrator of the mortgagee, and in that capacity alone he was made defendant. Yet there is a general money decree rendered against him. If any decree should have gone against him for money, it ought to have been one to be paid in due course of administration. Hunter v. Bilyeu, 39 Ill. 367, 370.

No one of the plaintiffs in error signed the mortgage bond, or assumed its payment in any manner whatever, and complainants were not entitled to a decree *in personam*

against them.   Snell v. Stanley, 58 Ill. 32; Rourke v. Coulton, 4 Brad. (Ill.) 260, 261; O'Brian v. Fry, 82 Ill. 275, 277; Cundiff v. Brokaw, 7 Brad. (Ill.) 147, 149; Warren v. McCarthy, 25 Ill. 95; Eames v. Turn Verein, 74 Ill. 56; Thomas v. Negus, 2 Gilm. (Ill.) 703, 704; Hatch v. Jacobson, 94 Ill. 584; Crosby v. Kiest, 135 Ill. 463; Sproule v. Samuel, 4 Scam. (Ill.) 139; Page v. People, 99 Ill. 425.

J. M. RIGGS and JAMES CALLANS, attorneys for plaintiffs in error.

### DEFENDANTS' BRIEF.

The rule is, that a party will not be allowed to avail himself of error which does him no harm; and he may not assign such errors.   Downey v. O'Donnell, 92 Ill. 559; Worden v. Crist, 106 Ill. 326; McCracken v. Droit, 108 Ill. 428; Grier v. Puterbaugh, 108 Ill. 602.

In Dunn v. Rogers, 43 Ill. 260, it is held that where a decree of foreclosure provides that a defendant, not liable therefor, pay the mortgage debt, yet that the error is cured by the sale of the mortgaged property in satisfaction of the debt.   This discharges the debt and removes the liability; and such defendant can not be heard to say that he was erroneously decreed to pay the mortgage debt.

GROSS & BROADWELL, attorneys for defendants in error.

OPINION OF THE COURT, *the Hon.  Carroll C. Boggs, Judge.*

This is a writ of error brought to reverse a decree of foreclosure rendered in the Circuit Court of Scott County, to which the plaintiffs in error were parties defendant, though not personally liable for the payment of the indebtedness secured by the mortgage.   The principal, if not the only alleged ground of error, is that the decree of the court is *in personam* as against the plaintiffs in error.   In this respect the decree is as follows:

" Cause is heard on the bill; answer of guardian *ad litem;* replication thereto and the said report of master, and the

court finds that the allegations of the bill are true and that the court has jurisdiction of the subject-matter and parties. That there is due from defendants to complainants for principal and interest $1,263.61 and $50 for attorney's fee. Ordered, adjudged and decreed that defendants pay to complainant, within ten days, said sum of money, with lawful interest from April 30th, and $50 attorney's fee, and the costs of this suit. Further decreed that in default of such payment the mortgaged land, or so much as may be necessary to satisfy decree, be sold at public vendue, for cash, at the court house in Winchester, Scott County, by the master in chancery, after advertising in a newspaper of said county three weeks and posting three handbills a like length of time, and out of proceeds pay costs and amount due complainants."

The decree is objectionable in so far as it purports to find an amount due from the plaintiffs in error to the defendants in error, and further in ordering, decreeing and adjudging that the plaintiffs in error should pay such sum to the defendants in error. We do not, however, think it is a decree *in personam*. While an indebtedness is declared against and the same ordered to be paid by the plaintiffs in error, yet the consequence of a default in this respect is limited and confined by the decree to a sale of the mortgaged premises. There is no decree for the payment of any deficiency that might exist after the sale of the land.

When the whole decree is considered together and in connection with the law governing proceedings in equity for decrees of foreclosure, we think it clear that the objectionable features of the decree are not such as to demand its reversal.

In the severity of the common law, the interest of a mortgagor in the mortgaged premises depended upon the exact performance of the conditions of defeasance. Default therein worked absolute forfeiture of the estate. Equity, however, regarded the mortgage as a security only for the indebtedness, and established a right of redemption after default. To enable the mortgagee to have this right of

redemption limited to some fixed period, courts of chancery entertained bills to declare and fix a time after default within which this right of redemption must be exercised or be thereafter barred and lost. Decrees upon such bills rested upon purely equitable principles and were solely for the purpose of foreclosing this right of redemption. The courts rendering them were without power or jurisdiction in such proceeding to render personal decrees for the indebtedness secured by the mortgage or even for a part of such indebtedness remaining unpaid after the sale of the mortgaged premises. Vol. 8, Amer. and Eng. Ency. of Law, page 264 and 265, and cases cited in note 1, page 264.

The mortgagee might, if he desired a judgment *in personam,* bring his action at law upon the indebtedness, and might at the same time file a bill in chancery for the foreclosure of the mortgagor's equity of redemption. The remedies are concurrent. 4 Kent's Com., 184.

The powers and jurisdiction of the courts of Illinois have been increased in respect of such matters by statutory enactment, but with this statutory power added the courts of our State are yet without jurisdiction to render judgments or decrees for the payment of the mortgage indebtedness against defendants in foreclosure proceeding. The only addition to their power is such as is given by Sec. 16, Chap. 95, of the Revised Statutes, which authorizes the rendition of a personal decree for "*the balance of money that may be found unpaid,*" after the mortgaged premises have been sold and the proceeds applied upon the indebtedness. A decree against the defendants in a foreclosure proceeding for the whole debt would, therefore, be wholly extra judicial. In the case at bar the court did not attempt to exercise the statutory power, and it had otherwise no authority to render a money decree against any one.

In the case of Gochenour v. Mowry, 33 Ill. 331, speaking of a decree almost precisely the same as the one under consideration, it is said: "But we regard the decree as in effect an alternative one; that if the money is not paid by the time limited then the premises shall be sold, giving the

defendants the option to pay the money or suffer the property to go to sale." Such decrees the court in the same opinion held were not *in personam*. The findings in the decree that the plaintiffs in error are, or were, indebted to the defendants in error in the sum named, and the order or judgment that they pay such sum within ten days to the defendants in error, or in default, that the mortgaged lands be sold, do not, we think, constitute a money decree personal against any one. The legal consequences of a failure to pay the money is not that the general estate of the plaintiffs in error may be seized by execution or sequestered, but that the particular estate pledged to the payment by the mortgage indebtedness shall be sold and the proceeds applied in payment, and this is clearly expressed in the decree. Moreover it was, as we have seen, beyond the power of the court to render a money decree in the case against any one for the payment of the entire indebtedness. If we regarded the decree as a personal money decree we would direct its modification so as to remove that feature, and restrict the effect so that it should apply only to the property described in the mortgage. The other alleged errors have either been remedied by amendments of the record made by leave of this court or are such as do not affect the plaintiffs in error, and to which objection has been waived by the persons who might have been heard to complain of them. The decree must be and is affirmed.