[No. 5205-5231. Decided May 2, 1905.]

## CHELAN COUNTY, *Respondent*, v. I. A. NAVARRE *et al.*, *Appellants*.[1]

TRIAL—SETTING CAUSE FOR TRIAL—ALLOWANCE OF THREE DAYS' TIME—REVIEW—EVIDENCE NOT BROUGHT UP. Error does not conclusively appear in allowing only three days in which to prepare for a trial of proceedings to condemn a way for a county road from the fact that the locality was forty miles from the county seat; and, in the absence of the evidence before the court on setting the cause for trial, the order will be affirmed.

JURY—WAIVER OF RIGHT TO JURY TRIAL IN CONDEMNATION PROCEEDINGS—STATUTES—CHANGE IN GENERAL LAWS. Where defendants in a condemnation suit refuse to pay the jury fee provided for by Laws 1903, p. 50, the right to a jury trial is waived, since Bal. Code, § 5620, and Const. art. 1, § 16, provide for waiver as in other civil actions, in the manner provided by law, without referring to any particular existing statute, thereby having reference to the general law in force at the time of the condemnation, although enacted subsequently to the act relating to condemnations.

HIGHWAYS—EMINENT DOMAIN—PETITION FOR COUNTY ROAD—DESCRIPTION—DEFINITENESS. In proceedings to condemn a way for a county road, under Laws 1901, p. 201, the definiteness of the petition with reference to the terminal points and course of the proposed road is not jurisdictional, since it may not be followed and is not relied upon as notice to the land owners, but the petition is sufficient if the road is described in a general way.

SAME—PETITION ASKING FOR MORE THAN ONE ROAD—IRREGULARITY. The fact that a petition to condemn a way for a county road asks for more than one road, or a road with a branch, is merely an irregularity, and cannot be urged as a jurisdictional defect in a proceeding brought to condemn land for one of such roads.

Appeal from, and certiorari to review, a judgment of the superior court for Chelan county, Martin J., entered March 7, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury,

1Reported in 80 Pac. 845.

in a proceeding to condemn land for a county road. Affirmed.

*Dill & Crass* and *Bausman & Kelleher,* for appellants.

*Frank Reeves,* for respondent.

FULLERTON, J.—On January 8, 1902, one W. L. Sanders and more than nine others, all householders of the county of Chelan, residing in the vicinity of the proposed road, petitioned the board of county commissioners of that county to lay out and establish a county road 40 feet in width over and along the following route, to wit:

"Beginning at or near the intersection of the west line of Bernard Devon's ranch (lot 43, T. 27. N., R. 21, E., W. M.) and the shore land on the south shore of Lake Chelan; thence along the right bank of the lake in a southeasterly direction, and along the shore immediately adjoining high water mark, to a point to intersect the present county road where the same intersects the lake shore.

"Also, beginning at a point on the present county road at the mouth of the coulee in S. W. ¼ Sec. 17, T. 27, N., R. 22 E., W. M., thence across said section 17, by the most practicable and feasible route, to the lake shore on lot 2, Sec. 8, T. 27, N., R. 22 E., W. M., to intersect with the road hereinbefore proposed. Said road from the mouth of the coulee to the lake shore as aforesaid to be 60 feet in width, and thus we would ever pray."

The board regularly acted upon the petition, and thereafter such proceedings were had that the board decided to establish the road, substantially along the route mentioned in the first part of the description, but to reject the branch described in the second part thereof. That part of the proposed road the board decided to establish crosses the lands of the appellants, and this action was brought to condemn so much of the same as was found to be necessary for the use of the road.

A demurrer was interposed to the petition to condemn, by the appellants, which was argued and overruled on January 9, 1904. On January 11, following, notice was served on the appellants that the plaintiff would, on January 15, move that the cause be set for trial on some day to be fixed by the court. This motion was heard on the 15th, and, over the objection of the appellants, the court fixed the 18th of the same month as the time for the trial. The parties appeared at the time so fixed, and, when the case was called, the appellants demanded a jury trial, but refused to pay the jury fee. The demand for a jury was thereupon refused, and the cause was tried by the court without a jury, resulting in a judgment of condemnation, as prayed for in the petition. The appellants have brought the proceedings into this court, both by appeal and by writ of review. The appeal and writ were heard together on one record, the parties having stipulated to that effect.

But three errors are assigned for our consideration. The first is that the court, on setting the cause for trial, did not allow the appellants sufficient time in which to prepare for trial. But we find no support in the record for this contention. While the record shows that counsel for the appellants filed a written objection to the order of the court setting the cause for trial, it fails to show what evidence was before the court, either in support of, or in opposition to, the order. It may be true, as counsel argue, that this court will take judicial notice that Wenatchee, the place of trial, is some forty miles from Lake Chelan, the location of the proposed road, but it does not follow from this, as they further argue, that it must be conclusively presumed that the time allowed them by the court to prepare for trial was not a sufficient time. Distance of the subject-matter of the trial from the place of trial, when urged as a reason for granting time to prepare for trial, is doubtless

an element to be considered by the court, but it can be only one element among many, and is never alone conclusive.

It is next contended that the court erred in refusing to call a jury to determine the amount of compensation that should be awarded the appellants for the taking of their property. The argument is that the general statute of March 9, 1903 (Laws 1903, p. 50), providing for a constructive waiver of a jury trial, has no application to condemnation proceedings provided for by the act of March 3, 1891, and the acts amendatory thereof. To quote the language of counsel, this must be true,

". . . for two reasons . . .; this constructive waiver being unknown at the time of the passage of the condemnation act and its amendments, it cannot be grafted on these acts by a general statute passed afterwards; and, this constructive waiver being unknown at the time of the passage of the condemnation act and its amendments, the right to a jury trial became a fixed constitutional right, and to require a citizen to pay costs in advance, to secure the same, was a violation of section 16, article 1, of the constitution."

But we are unable to agree with either of these contentions. It is doubtless true, as a general rule, that a special statute, enacted for a special purpose, when complete in itself, is not repealed, modified, or amended by a subsequent general statute; but we do not find that the statute relating to condemnation proceedings was thus complete in itself. By the original act, after prescribing the manner of trial by jury, it was provided that:

"In case a jury is waived, as in civil cases in courts of record, in the manner prescribed by law, the compensation to be paid for the property sought to be appropriated shall be ascertained and determined by the court or the judge thereof, and the proceedings shall be the same as in trials of an issue of fact by the court." Bal. Code, § 5620.

This section clearly contemplates that a jury may be waived in condemnation proceedings, as in other civil actions, and, this being true, any act or omission which would amount to a waiver of a jury trial in an ordinary civil action would amount to a like waiver in a condemnation proceeding. But, it is said, the statute adopted with reference to waiver was the statute in force at the time the condemnation statutes were enacted, and subsequent amendments to the general statute do not affect it as applied to the special statute. The rule on this subject is as follows: When a statute adopts, by reference, the whole or a portion of an existing statute, it means the statute existing at the time of the adoption, and subsequent changes in the statute adopted will not work changes in the adopting statute; but, when the adopting statute makes no reference to any particular act, but refers to the general law regulating the subject, changes in the general law do work changes in the adopting statutes, and, to determine what the law is on the particular subject of the reference, the existing law must be consulted. Here the adopting statute does not refer to any particular act, but to the general statute on the subject of waiving a jury trial, hence the existing law governs the subject, and not the law in force at the time the condemnation statute was enacted.

Nor does § 16 of art. 1 of the state constitution provide for a different rule. By that section the owner of property sought to be condemned for public use is entitled to have the amount of compensation to be awarded him determined by a jury, "unless a jury be waived, as in other civil cases in courts of record, in the manner prescribed by law." The "manner prescribed by law" here meant is the law in force at the time the land is sought to be condemned, not the law in force at the time of the adoption of the con-

stitution.    We conclude, therefore, that the court did not err in denying the appellants a jury trial.

Lastly, it is said that the court was without jurisdiction to enter a judgment of condemnation against the property of the appellants.    This contention is founded on the claimed insufficiency of the petition for the road, filed with the board of county commissioners.    By reference to the description of the proposed road, it will be observed that the beginning point is somewhat indefinitely described, and that a branch road, running from near the middle course of the proposed road north to an existing road, is petitioned for.    It is thought these matters rendered the petition so fatally defective as not to give the board of county commissioners power to act thereon, and, of course, if that board had no jurisdiction to establish the the road, the superior court would have none to condemn land for that purpose.

As to the sufficiency of the petition, it is true we held in *Shell v. Poulson,* 23 Wash. 535, 63 Pac. 204, that a petition for the establishment of a county road, no more indefinite perhaps than the one at bar, was too indefinite to give the board jurisdiction.    But it must be remembered that in that case we had under consideration the old territorial statute, which made the petition the basis of jurisdiction.    Under that statute the petition was required to describe the terminal points and the course of the proposed road with reasonable certainty, and, on the description contained therein, was based the notice given to those whose property was liable to be taken by the establishment of the road.    Moreover, the board was required to establish the road between the terminals and over the route therein described.    Those affected by the road, therefore, had the right to insist that the requirements of the statute with reference to the petition be complied with, so that their

property be not taken without notice to them. But the statute now in force does not make the petition the basis of the notice to the land owners whose property may be taken by the proposed road, nor does it require that the road be established along the route described in the petition. Now, when a petition is presented, praying for the establishment of a county road, if accompanied by the bond provided for by law, the board is required to turn it over to the county surveyor for examination, who may adopt the route described in the petition, or report upon another which will subserve the same purpose. Laws 1901, p. 201. In either event, he is required to report the terminal points, general course, and length of the road he recommends, together with the names of the persons whose lands are damaged or taken by it. The board, before it can establish the road so recommended, must appoint a day for a hearing on the report, and cause notice of such hearing to be given to all persons who are affected by the road, and who have not in writing consented to its establishment and waived their claims to damages on account thereof, and at the hearing can establish the road only along the route recommended by the surveyor. Whether, therefore, the petition states with definiteness the terminal points of the proposed road is no longer material, as it neither controls the location of a road, nor the notice given to those affected by its location. When it describes, in a general way, the terminal points and the course of the proposed road, it is sufficiently definite in that respect to give the court jurisdiction of the proceeding. This petition was thus definite.

The objection that it asked for the establishment of more than one road, or one road with a branch, does not render the proceedings void. Such a proceeding is doubtless irregular, and it may be safer and better for the commissioners to require that a separate petition be filed in each

case, but such irregularity is not jurisdictional, and cannot be successfully urged to avoid the proceedings in a proceeding brought to condemn land for a right of way for the proposed road. *Banse v. Town of Clark,* 69 Minn. 53, 71 N. W. 819; *Board of Com'rs v. Harrell,* 147 Ind. 500, 46 N. E. 124; *Barry v. Deloughrey,* 47 Neb. 354, 66 N. W. 410; *Stoddard v. Johnson,* 75 Ind. 20.

As we find no error in the record, the judgment will stand affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.