[No. 7737.  Decided July 15, 1909.]

FRUITLAND IRRIGATION COMPANY, *Respondent*, v.
GEORGE W. SMITH *et al.*, *Appellants.*[1]

EMINENT DOMAIN—AWARD OF DAMAGES—APPEAL—REVIEW. Upon
appeal from an award of damages in a condemnation proceeding,
only errors going to the propriety or justness of the award can be
reviewed.

CONTINUANCE—GROUNDS—TIME FOR APPLICATION—SHOWING. It is
not an abuse of discretion to deny a continuance in a condemnation
case, asked when the case was called on February 26th, because the
ground was covered with snow and could not be shown to the wit-
nesses, where the party made no objection on February 10th to the
setting of the case for trial on February 14th, and made no showing
that conditions had changed, and where the opposite party was in
court ready for trial when the case was called.

JURY—RIGHT TO TRIAL—WAIVER. Failure to demand a jury in a
condemnation proceeding at the time the case is set down for trial
waives the right to a jury trial.

Appeal from a judgment of the superior court for Stevens
county, Carey, J., entered February 28, 1908, upon findings
in favor of the plaintiff, awarding damages in a condemna-
tion proceeding, after a trial before the court without a jury.
Affirmed.

*Judson & Rochford* (*W. C. Jones*, of counsel), for appel-
lants.

*Osee W. Noble* and *W. C. Stayt*, for respondent.

MOUNT, J.—The appellants in this case were awarded
damages in the sum of $380, for land taken by the respond-
ent for a right of way for an irrigation canal across appel-
lants' premises.  The appeal is taken from the award of
damages.

We shall not refer to errors alleged which do not go to
the propriety or justness of the award, because such errors,
if made, cannot be reviewed upon this appeal.  *Western*

[1]Reported in 102 Pac. 1031.

*American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158; *Seattle & M. R. Co. v. Bellingham Bay & E. R. Co.*, 29 Wash. 491, 69 Pac. 1107, 92 Am. St. 907.

It appears that, after the lower court had made the preliminary adjudication of the public use and necessity for the taking of appellants' property, and directed the question of damages to be tried "before a jury or, if a jury be waived, as in civil cases in courts of record, in the manner prescribed by law, then before the court or judge thereof," the respondent, on January 30, served a notice upon appellants' counsel of record that, on February 10, 1908, respondent would apply to the court to have the case set down for trial. On February 10, 1908, appellants appeared by counsel in the cause and made no objections, either to the notice or the service thereof, or to the setting of the case for trial, and made no demand for a jury, a jury having been waived. The court thereupon fixed the date of the trial at two o'clock on February 14, 1908. For some reason not appearing in the record, the case was not brought on for trial until February 26, 1908. At that time the appellants appeared and moved for a continuance of the trial, upon the ground that they were not ready for trial, because the lands were then covered with snow eighteen to twenty-four inches in depth, and because the stakes showing the right of way were completely covered and could not be found, and witnesses could not be shown the character of the soil on the line of survey and could not be obtained to testify to the value of the lands taken or damaged; that appellants had been informed by one of their counsel that the trial was not to take place until after the snow had disappeared. This motion was denied by the court, and appellants base error thereon.

It is true that the cause had been pending on demurrer for several months previous during the summer of 1907, but on February 10, 1908, when the case was noticed to be set for trial, the appellants appeared and made no objection to setting the case for trial, and the case was thereupon set

for trial on the 14th of February. It seems to us that, if the appellants had any objection to the case being tried, such objection should have been urged on the 10th of February, when the court set the date of the trial. They made no objection at that time, and they have made no showing that the conditions were different on the 26th from what they were on the 10th of February. The respondent was in court ready for trial, presumably with all his witnesses, on and after the 14th of February. We think, therefore, that the trial court did not abuse his discretion in denying the motion for a continuance at that time.

Appellants contend that the court erred in denying the demand for a jury trial. As seen above, appellants were present in court and made no demand for a jury when the case was set down for trial. Appellants, therefore, waived their right to a jury (*Chelan County v. Navarre*, 38 Wash. 684, 80 Pac. 845), and it was not error for the court afterwards to deny the request when the case was on for trial.

We think the evidence justifies the finding of the court upon the amount of damages. There is no error in the record, and the judgment must therefore be affirmed.

RUDKIN, C. J., CROW, FULLERTON, DUNBAR, CHADWICK, and GOSE, JJ., concur.