[No. 2853. Sept. 22, 1925. Rehearing Denied

May 21, 1927.]

## PORTER v. ALAMOCITOS LAND & LIVESTOCK CO.

[256 Pac. 179.]

### SYLLABUS BY THE COURT

1. Where defendant was in court when the case was set for trial with consent of the parties, and did not demand a jury, and afterwards the case was submitted on the date set for such trial the defendant then making no objection to the proceedings and not demanding a jury, is not in a position to complain that there was no submission to a jury.

2. One who holds a note secured by a mortgage has two separate and independent remedies which he may pursue successively or concurrently; one is on the note against the person and property of the debtor, and the other is by foreclosure to enforce the mortgage lien upon his real estate.

3. A plaintiff may unite in the same complaint several causes of action, both legal and equitable.

4. If two causes of action are stated in one count, this might offend against the requirement of practice with respect to separately stating the causes of action sought to be joined; but, if defendant makes no objection to the intermingling of the causes of action in a single count of the complaint, he is not in a position to complain if the trial court considered that the complaint stated two causes

---

[1] 35CJ p. 166 n. 2. [2] 34CJ p. 291 n. 59; 35CJ p. 204 n. 30, 31. [3] 27 Cyc p. 1515 n. 44, 45. [4, 5] 1CJ p. 1088 n. 53; p. 1091 n. 97. [6] 33CJ p. 815 n. 34; 34CJ p. 293 n. 76. [7] 34CJ p. 293 n. 76.

of action, one at law upon the note, and the other in equity for foreclosure of the mortgage.

5. The court having jurisdiction of the parties and to administer both legal and equitable relief in the same lawsuit under appropriate pleadings, its mistake (if mistake it was) in holding the complaint sufficient to warrant both was a judicial error, and not an "irregularity."

6. Where it is plain that the action is primarily to foreclose a mortgage, and the other (legal) relief sought is merely incidental, and consequently the action should be considered as one in equity, if the question of which was the primary purpose of the suit was material, and the court made a mistake in its decision, such a mistake was a judicial error, and not an "irregularity."

Appeal from District Court, Harding County; Leib, Judge.

Suit by J. H. Porter against the Alamocitos Land & Live Stock Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Renehan & Gilbert, of Santa Fe, and R. A. Prentice, of Tucumcari, for appellant.

O. P. Easterwood, of Clayton, and E. R. Wright, of Santa Fe, for appellee.

OPINION OF THE COURT

BICKLEY, J. This suit was brought for the foreclosure of a mortgage on certain real estate situated in Harding county, N. M. On March 10, 1922, judgment was rendered foreclosing the mortgage, and in the same adjudication a personal judgment was given against the appellant for the full amount of the indebtedness claimed by the plaintiff (appellee).

The complaint recites substantially that on the 30th day of July, 1927, the defendant (appellant), being then indebted to the plaintiff in the sum of $16,500, executed and delivered to the plaintiff its certain promissory note, whereby it promised and agreed to pay said indebtedness with interest and attorney's fees, if the note was not paid when due; that various other defendants executed a written guaranty for the payment of the indebtedness sued on, after the security should first be exhausted; that the prin-

cipal defendant likewise -executed a mortgage on certain land and assigned a certain state contract to secure the payment of such indebtedness; that the whole amount of the principal with interest thereon as provided by the terms of the note sued on from the 1st of October, 1920, until paid, remained due and unpaid; that demand had been made for payment and payment refused. The appellant admitted that the copy of the note set forth in the complaint was true and correct. The first paragraph of the prayer demands judgments against the principal defendant (appellant), the Alamocitos Land & Live Stock Company, for the full amount of the $16,500 principal, with interest and attorneys' fees. The second paragraph of the prayer asks for the foreclosure of the mortgage lien. To this complaint defendants demurred, and the demurrer was overruled. The appellant likewise filed a motion to strike certain portions of the complaint, which motion was overruled. The defendants then answered the complaint. The answer, so far as appellant is concerned, admitted that the principal and interest of said note was due and unpaid, but alleged that the note sued on was made and delivered to the plaintiff upon the usurious agreement between the defendant and plaintiff that the defendant should pay, and the plaintiff should receive for the loan of the money, a greater sum than 12 per cent. per annum.

The appealing defendant prayed that the relief asked for by the plaintiff be denied, and that said defendant be not required to pay to the plaintiff a greater sum than the principal of the note with interest thereon at the rate of 10 per cent per annum until paid, and asked that attorneys' fees be denied to plaintiff. A reply was filed by the plaintiff denying that the transaction was usurious and denying all of defendant's affirmative allegations. Plaintiff gave notice that he would call the case up for trial on the 2d day of March, 1922, at Raton, Colfax county, N. M. At such time and place, the parties appeared and the cause was continued by consent of all parties and by

the court set for trial at Clayton, Union county, N. M., on the 10th day of March, 1922, at which time and place the plaintiff appeared and announced ready for trial, and the defendant, the Alamocitos Land & Live Stock Company, appeared by its president, R. J. Freeland, who was also one of the guarantor defendants, and said cause was continued until 2 o'clock in the afternoon of March 10, 1922, at which time plaintiff presented his evidence, and the defendants, failing to offer any evidence and not asking any further continuance of said cause to a subsequent date, the court having considered the evidence offered and having heard the counsel for plaintiff, made findings and conclusions and rendered the judgment and decree, which recites that the same was done in open court on the 10th day of March, 1922, the date of said trial.

Thereafter an execution was issued and levied upon certain personal property of the appellant, the Alamocitos Land & Live Stock Company. Appellant filed its motion to quash the execution and motion to set aside the sale under the execution. These motions were overruled by the court. Appellant then filed a motion asking the court to strike from the decree certain portions thereof and for an order nunc pro tunc permitting appellant an exception to that part of the decree granting a personal judgment against appellant. This motion was also overruled. On August 25, 1922, appellant filed its motion for allowance of an appeal from final judgment and appeal was granted by the court, the order being filed on August 30, 1922. Time for perfecting the appeal was by various orders extended to September 26, 1922. On December 4, 1922, appellant filed its motion to modify the judgment or, in the alternative, to vacate the same. On the same day, appellee filed his motion to strike the motion to vacate the judgment, setting out that all the matters set out in the motion to vacate had theretofore been passed upon by the court adversely to the defendant; that the time for filing

such a motion had elapsed, and that the defendant had thereofore taken an appeal from the final judgment. Thereafter the court sustained the motion of appellant to vacate and modify the final judgment. From this order of the court sustaining the motion to strike the motion to modify and vacate the judgment, the appeal was prayed and allowed, and upon such appeal the case is now in this court.

[1] There are nine assignments of error, but the appellant says in its brief:

"The court will note that but one question in reality is raised by this appeal, to wit, whether or not the district court, in an ordinary suit brought for the purpose of foreclosing a real estate mortgage, has jurisdiction to render a personal judgment against the mortgagor for the full amount of the indebtedness claimed to be secured by the mortgage, and to authorize the immediate issuance of execution upon such judgment in the same decree as that in which the mortgage was foreclosed."

The only basis of such a contention is that defendant was entitled to a jury trial before a personal judgment could be given against it.

Section 4193 of Code of 1915 provides:

"An issue of fact in an action for the recovery of money only, or specific real or personal property, where the right of trial by jury existed at common law, must be tried by a jury, unless a jury trial be waived."

Section 4189 of the Code provides:

"An issue of fact arises upon a material allegation in the complaint controverted by the answer."

The plaintiff having pleaded a copy of the note sued on, and the defendant having admitted the copy pleaded as correct and admitted the execution thereof, further pleaded—

"that the note mentioned in the complaint was made and delivered to the plaintiff upon the usurious agreement between the defendant and the plaintiff, that the defendant should pay the plaintiff, and that the plaintiff should reserve and secure to himself for the loan of money a greater sum than at the rate of 12 per cent. per annum, to wit, at the rate of 12 per cent. per annum after the maturity of said note and an additional 12 per cent. per annum on the interest so charged."

That statement of the rate of interest to be charged is exactly what is stated in the note sued upon. This allegation not being controverted but, on the other hand, being relied upon by the defendant for the purpose of showing a usurious contract, did not present an issue of fact. An issue of law arose as to whether upon the admitted facts the contract was usurious.

, [2] If the court erred in finding the contract free from the taint of usury, this was an error occurring upon the trial and may not be taken advantage of by a motion to vacate the judgment, the remedy being by an appropriate motion for a new trial or rehearing · on appeal. Wallis v. Mulligan, 20 N. M. 328, 148 P. 500; Coulter v. Board of County Commissioners of Bernalillo County, 22 N. M. 24, 158 P. 1086.

It will be noted that section 4193, quoted supra, at most only provides for the trial of an issue of fact by a jury in certain cases, "unless a jury trial be waived." Section 4197, Code 1915, provides certain specific methods by which a trial by jury may be waived, one of which is "by suffering default, or by failing to appear at the trial." Section 4198 provides that upon the calling of the docket at a term of court the parties shall either demand or waive a jury in the trial of a cause in which they are interested. It will be noted that both appellant and appellee were present in court at Raton, Colfax county, on March 2, 1922, and thereupon consented that the case should be set for trial at Clayton, Union county, N. M., on March 10, 1922. No demand was made by appellant for a jury. The case was one which originated and which was then pending on the civil docket of Harding county, one of the counties of the Eighth judicial district. When the appellant on March 2d consented to a trial of the case in Clayton, Union county, N. M., on March 10th, and the record not showing any change of venue from Harding county to Union county, it must be assumed that the appellant did not expect that in any issues triable by jury could be tried in Clayton, Union county, on the date agreed upon for the trial.

"Appellants contend that the court erred in denying the demand for a jury trial. As seen above, appellants were present in court and made no demand for a jury when the case was set down for trial. Appellants, therefore, waived their right to a jury (Chelan County v. Navarre, 38 Wash. 684, 80 P. 845), and it was not error for the court afterwards to deny the request when the case was on for trial." Fruitland Irr. Co. v. Smith, 54 Wash. 185, 102 P. 1031.

In the case at bar, the appellant did not demand a jury on the trial at Clayton on March 10th. It appears from the record that the attorneys for the appellant did not appear at the trial in Clayton, but it is recited in the judgment that the appellant appeared by its president, R. J. Freeland, and the case was thereupon submitted to the court upon the evidence offered by the plaintiff, the defendant offering no evidence, making no objections, and asking no continuance and making no demand for a jury.

It is said in the article on Juries in 35 C. J. par. 114:

"A jury trial is waived by voluntarily submitting a controversy to the determination of the court, or by permitting the court, without any objection or demand for a jury trial to proceed to hear and determine it."

Many cases are cited in support of the text. In one of the later cases, Van Dorn Iron Works Co. v. Erie-Huron Realty Co., 108 Ohio St. 314, 140 N. E. 325, the court said (syllabus):

"In a civil action for judgment for money a trial by jury may be waived, not only by express stipulation of the parties or their attorneys, or statement in open court, but also by their conduct in submitting the cause to the court without objection; and an objection thereto cannot successfully be made after such submission and judgment of the court."

This court has expressed itself in accord with the views heretofore stated. In Pankey v. Ortiz, 26 N. M. 575, 195 P. 906, 30 A. L. R. 92, this court said:

"Where the jury has been waived expressly or by action of the parties, a court of equity has taken jurisdiction of the cause."

In Territory v. County Commissioners of Bernalillo

County, 5 N. M. 1, 16 P. 855, in which it appeared that the controversy was expressly submitted to the court, we said:

"We have not found in the record that any request was made by the respondent to have the questions involved submitted to the jury, or of any objection made at the time to their consideration by the court. A court should have opportunity, in cases of law at least, to consider the very question presented in the Supreme Court. It often occurs that a point may be passed upon inadvertently when if the attention of the trial court is at the time of the ruling called to it the decision will be otherwise. * * * After such a submission, without the most remote suggestion even that it was desirable that a jury should be called, we think it should be held, even if a jury could be impaneled—a point not here decided—that such action was a waiver of the jury. In any event it is difficult to perceive what duty there was for a jury to perform. Appellant is not in a position to complain that there was no submission to a jury."

As in that case, so in this it is difficult to perceive what duty there was for a jury to perform, and appellant is not in a position to complain that there was no submission to a jury.

Finding no error in the record, the judgment of the trial court should be affirmed, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.

On Motion for Rehearing.

BICKLEY, J. Appellant has filed a motion for rehearing upon the grounds that in the original opinion the court failed to pass on appellant's contention that the decree complained of was in excess of the equity powers of the court in mortgage foreclosure cases, and therefore irregular and in excess of the jurisdiction of the court, and that in said opinion we failed to pass upon appellant's contention that the decree complained of was not within the issues embraced by the pleadings, and was therefore irregular and in excess of the court's jurisdiction. The motion assailing the judgment was entitled "Motion to Vacate Judgment for Irregularities." The motion declared, however, that the judgment is "irregular and beyond the jurisdiction of the court."

The appellant argues that the decree was beyond the jurisdictional powers of the court, and should have been vacated, whether the term "irregularity" was an appropriate designation of the defect or not. If all or a part of the judgment was void, at least the void portion should have been vacated. So our consideration will be given to the question as to whether the judgment was void in whole or in part. The appellant argues that, since the decision of this court in Young v. Vail, 29 N. M. 324, 222 P. 912, 34 A. L. R. 980, the settled law of this jurisdiction is:

"(1) That a proceeding to foreclose a mortgage is a suit in equity.

"(2) That even under our Code there is no such thing as a mixed action, but that the jurisdiction exercised by the courts must be either purely legal or purely equitable.

"(3) That mortgage foreclosure proceedings being strictly equitable in their nature, and the court having no authority to exercise common-law jurisdiction therein, the appellant has no right to a trial by jury in such cases."

Counsel for appellant concedes that the rule existing at common law is that, in the absence of statutory prohibition, the mortgagee could pursue all his remedies concurrently; for example, he could maintain in a suit at common law upon the bond or note, and at the same time pursue his equitable remedy of foreclosure. Appellant quotes 2 Jones, Mortgages, § 1215, as follows:

"Where there is no prohibition by statute, the mortgagee may pursue all his remedies concurrently or successively. He may at the same time sue the mortgagor in an action at law upon the note, or other personal debt; may enter to foreclose, file a certificate thereof; may maintain a right of entry or ejectment to recover possession of the land, and a bill in equity to foreclose the mortgage. * * * The cause of action on the debt is personal against the person and property of the debtor; and the proceedings to foreclose are to enforce the lien upon the debtor's real estate which he was charged with the payment of the debt. * * * So long ago as the case of Burnell v. Martn, 2 Doug. 417, Lord Mansfield declared that 'it had been settled over and over again that a person in such case is at liberty to pursue all his remedies at once'."

Appellant also quotes Phelan v. Iona Savings Bank, 48 Ill. App. 171, as follows:

"The mortgagee might, if he desired a judgment in personam, bring his action at law upon the indebtedness, and might at the same time file a bill in chancery for the foreclosure of the mortgagor's equity of redemption. The remedies are concurrent.   4 Kent's Com. 184."

Further statements of the same doctrine will be found in 19 R. C. L. "Mortgages," 309, where it is said:

"In short, the case of a mortgage is an exception to the general doctrine that a party shall not be allowed to sue at law and in equity for the same debt, and a mortgagee may pursue all his remedies at once, though he is under no obligation to do so, or he may pursue them concurrently or successively."

To the same effect, see Wiltsie on Mortgage Foreclosure, § 11.

[3] The rule is thus stated in Colby v. McClintock, 68 N. H. 176, 40 A. 397, 73 Am. St. Rep. 557:

"One who holds a note secured by mortgage has two separate and independent remedies, which he may pursue successively or concurrently; one is on the note against the person and property of the debtor, and the other is by foreclosure to enforce the mortgage lien upon his real estate."

Our attention has not been called to any statutory prohibition against such procedure in this state, and we know of none.

[4, 5] The next inquiry is whether these remedies may be pursued concurrently in the same action, and the two results obtained in the same judgment. The appellee claims that his complaint prays for a personal judgment on the note and for a foreclosure of the mortgage lien, and that the allegations of the complaint warranted the court in granting both kinds of relief. He invokes section 4067 of the 1915 Code, which is as follows:

"There shall be in this state but one form of action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, which shall be denominated as civil action, and the party thereto com-

plaining shall be known as the plaintiff, and the adverse party as the defendant."

He further argues that, under the practice in New Mexico, it is proper to bring suit involving both legal and equitable demands, and in which both legal and equitable remedies are invoked, and that otherwise this section of the statute would be as an absurd provision and would be meaningless. He also invokes section 4105 of the 1915 Code, which is as follows;

"The plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of:

"First. The same transaction or transactions connected with the same subject of action; or

"Second. Contract, express or implied; or

"Third. Injuries with or without force, to person and property, or either; or

"Fourth. Injuries to character; or

"Fifth. Claims to recover real property, with or without damages for the witholding thereof, and the rents and profits of the same; or

"Sixth. Claims to recover real property, with or without damages for the withholding thereof; or

"Seventh. Claims by or against a party in some representative or fiduciary capacity, by virtue of a contract or by operation of law. But the causes of action so united must all belong to one of these classes and must affect all the parties to the action, and not require different places of trial, and must be separately stated, with the relief sought for each cause of action, in such manner that they may be intelligibly distinguished."

Appellee quotes from the opinion of Judge Pope in Baca v. Anaya, 14 N. M. 382, 94 P. 1017, 20 Ann. Cas. 77, as follows:

" * * * That an issue of fact in an action for the recovery of money only, or specific real or personal property, where the right of trial by jury existed at common law, must be tried by a jury, and that other issues of fact may be referred to a jury. In our judgment this invests the court with ample power to impanel a jury under either branch of its jurisdiction, whenever the rights of the parties require it. As was said in Hammer v. Garfield Mining Co., 130 U. S. 295 [9 S. Ct. 548, 32 L. Ed. 964], quoting

from Basey v. Gallagher, 20 Wall. (U. S.) 670, 679, 22
L. Ed. 452: 'The courts of Montana, under a law of the
territory, exercise both common-law and equity jurisdiction.
The modes of procedure in suits both at law and in equity
are the same until the trial or hearing. The suitor, what-
ever relief he may ask, is required to state, in ordinary
and concise language, the facts of his case on which he
invokes the judgment of the court. But the considera-
tion which the court will give to the questions raised by
the pleadings when the case is called for trial or hearing,
whether it will submit them to a jury or pass upon them
without such intervention, must depend upon the jurisdic-
tion which is to be exercised. If the remedy sought be
a legal one, a jury is essential unless waived by the stipu-
lation of the parties; but if the remedy sought be equitable,
the court is not bound to call a jury, and, if it does call
one, it is only for the purpose of enlightening its con-
science, and not to control its judgment.' The right, which
this case recognizes under the Code system to try issues
before either jury or court, dependent upon whether they
are legal or equitable, includes in our judgment the right
to try in the same case before both, whenever both classes
of issue are present."

In Mogollon G. & C. Co. v. Stout, 14 N. M. 245, 91
P. 724, it was contended by the plaintiff in error
that, where plaintiff seeks both legal and equitable
relief under a statement of facts which constitutes a
single cause of action, the case is one for the court
sitting as a chancellor, and not for a jury. But the
court held that the mere fact that the defendant in
error united in one complaint for necessary allega-
tions and prayers for legal and equitable relief does
not deprive him of his right to a jury trial on the
legal issues, and affirmed the action of the lower
court in rendering judgment upon a jury award of
damages for injuries already sustained by plaintiff
and granting a restraining order against future tres-
passes.

In Kingston v. Walters, 14 N. M. 368, 93 P. 700,
the court thus summarized the provisions of our sta-
tutes above quoted:

"In this territory the practice is no longer controlled
by the common-law forms, for under our Code of Civil
Procedure (section 2685, Compiled Laws of 1897), there
is but one form of civil action, and a plaintiff may unite
in the same complaint several causes of action, both
legal and equitable. In other words, under the reformed

system of pleadings, which our Legislature has adopted, litigants are given the relief which the facts in the pleadings show them to be entitled to, in one action, whether the relief is. equitable, or legal, or both."

The last sentence of the foregoing was quoted by Mr. Justice Roberts in his concurring opinion in Pankey v. Ortiz, 26 N. M. 575, 195 P. 906, 30 A. L. R. 92.

We are next required to consider whether the decision in Young v. Vail, supra, has changed the rule as thus laid down by the statutes of New Mexico, as construed by the decisions of the court. In Young v. Vail, supra, none of the New Mexico cases last above referred to were overruled or modified or criticized. Furthermore, in that opinion the court referred to one of the statutes above quoted, as follows:

"Section 4105 of the Code authorizes the plaintiff to unite in the same complaint certain several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both; and section 4116 of the Code authorizes the defendant to set forth, by answer, as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

There was no intimation that these provisions are inapplicable under appropriate circumstances. There was no question in that case involving the principle of joinder of legal and equitable causes of action by the plaintiff. In that case the plaintiff sought no personal judgment against Young and Ferguson, two of the defendants, and while they prayed a personal judgment against Hettie Campbell and Mack Campbell, the original makers of the note, there was no personal service of process upon the Campbells, they being served by publication only for the purpose of the mortgage foreclosure, so that the rendition of a personal judgment for plaintiff was not involved in the case. Also it is to be noted that in the decree the court declared:

"That the above-entitled cause is a suit in foreclosure of a real estate mortgage."

There was no contention by any one that there was joined with the foreclosure action a cause of action

for personal judgment on the note. No personal judgment was granted against any one in the case. In that case the appellant contended that because the allegations of the plaintiff with reference to the mortgage security were admitted, and the only controversy being as to the amount of the indebtedness from the defendant to the plaintiff because of certain matters set up by the defendant in a cross-complaint, in which damages were sought for breach of contract, therefore defendant and cross-complainant was entitled to a trial by jury upon the question of the amount, if any, in which he was indebted to the plaintiff, and the court held that the existence of a present indebtedness on the part of the defendant is the very foundation of the right to foreclosure, and therefore a proper matter for determination by the court according to the principles by which the rights of the parties are to be determined in an action for foreclosure of mortgage, and that one who pleads a breach of the contract in consideration of which a mortgage is given as a defense to a suit in equity for the foreclosure of such mortgage is not entitled to have the issues raised thereby tried by jury.

We will now consider appellant's contention that the decree was not within the issues embraced by the pleadings. The bench and bar of New Mexico have been accustomed to look for assistance in the construction of our Code of Civil Procedure to the courts of Missouri and California. The Missouri Code of Civil Procedure (section 3512, Rev. Stat. of 1879) is identical with section 4105 of our Code. Under this language the court of Missouri has held a number of times that:

"While the Code permits the joining of legal and equitable suits, yet they must be separately stated and relief separately prayed, so that each may be separately tried, the one by the court and the other, if desired, by the jury; and where a petition in one count mingles allegations common to actions at law with those peculiar to equitable actions for the reformation of a contract, the plaintiff may be compelled to elect; and, if he elects to proceed at law, he abandons his cause in equity, and is

not entitled to introduce evidence that is only pertinent thereto."

See Kabrich v. State Ins. Co., etc., 48 Mo. App. 393.

Also it has been ·decided a number of times that, when separate causes of action are united in the same petition, each must be distinctly and separately stated.

"If two causes of action are stated in one count, the proper method of objection is by a motion to require the plaintiff to elect on which cause he will proceed to trial. Kern v. Pfaff, 44 Mo. App. 29; Liddell v. Fisher, 48 Mo. App. 449; Childs v. Kansas City, etc., R. R. Co., 117 Mo. 414, 23 S. W. 373." Burns' Annotated Practice Code, note to section 413, p. 267.

The California courts, under a statute quite similar to ours, have said that, where causes of action may be properly joined in same action, but are not sepa-' rately stated, as required by this section, remedy is by motion to make pleading more distinct and certain, by separating and distinctly stating separate causes of action. City Carpet B. Works v. Jones, 102 Cal. 506, 510, 36 P. 841. See Bernero v. South British & N. Ins. Co., 65 Cal. 386, 4 P. 382; Fraser v. Oakdale L. & W., Co., 73 Cal. 187, 190, 14 P 829; Jacob v. Lorenz, 98 Cal. 332, 338, 33 P. 119.

It has been the practice in the courts of New Mexico for the trial court to entertain the motion to require plaintiff to make his complaint more definite and certain by separately stating and numbering his paragraphs and causes of action. As to the statutory authority for that practice, it is probable that it comes from section 4127 of the Code, which provides that:

" * * * And when the allegations or denials of a pleading are so indefinite or uncertain that the precise nature of the charge or denial is not apparent, and when they fail in any other respect to conform to the requirements of law, the court may require the pleading to be made definite and certain, or otherwise to conform to the law by amendment."

Thus, if the pleading undertook to state a cause of action at law on the note and also an action in equity

to foreclose the action in a single count, it would probably offend against the statute and the practice by failing "to conform to the requirements of law" with respect to separately stating the causes of action sought to be joined. It was open to the defendant under section 4127 to move the court to require the plaintiff "to conform to the law" by separately stating his causes of action. That he was put on notice that separate causes of action were attempted to be stated would appear from the prayer of the complaint, which prays in the first paragraph for personal judgment and in the second paragraph for foreclosure of the mortgage. It is sometimes said that the prayer is no part of the cause of action stated by the complaint. While that may be true, it is evident that the prayer may be considered in determining the character of the relief sought, and it at least expresses the theory of the plaintiff as to the kinds of relief he is entitled to under the cause or causes of action stated in his complaint.

It will be noted from section 4105 of the Code that the requirement is that the causes of action must be separately stated, "with the relief sought for in each cause of action, in such manner that they may be intelligibly distinguished." So it is apparent that that Code provision intends that the prayer shall be looked to, as well as the statement of the cause of action, to determine at least the character of the relief sought. The appellant not having objected to the intermingling of the causes of action in the complaint, and not having moved to have them separately stated, is not in a position to complain now of the action of the court in considering that the complaint stated two causes of action, one at law upon the note, and the other in equity for foreclosure of the mortgage.

[6] From all of the foregoing, our conclusion is that, the court having jurisdiction of the parties and having jurisdiction to administer both legal and equitable relief in the same lawsuit under appropriate pleadings, its mistakes, if any, were judicial errors,

and the judgment, though it might have been voidable, was not void, and likewise, if the decision was a judicial error, it was not an irregularity. 33 C. J. 814; Freeman on Judgments (5th Ed.) § 221.

It is argued that this action is primarily to foreclose the mortgage. In Mogollon G. & C. Co. v. Stout, supra, there is language to the effect that in a suit for damages, where an injunction is also asked, if the suit is primarily for injunction, and the right to damages is merely incidental to and dependent on plaintiff's right to the injunction, the court may, without the intervention of a jury, assess the damages already sustained; but, if the action is brought primarily for the recovery of a money judgment, it is triable by a jury, notwithstanding that the plaintiff also asked for an injunction against the further violation of his rights, etc. In Young v. Vail, the mortgage foreclosure was not only the primary, but the only, relief plaintiff was entitled to.

In the case at bar, if the plaintiff claimed that the right to a personal judgment on the note was of equal dignity with the right of foreclosure of the mortgage lien, and the defendant was in default and not contending otherwise, then, if the question of which was the primary purpose of the suit was material, and the court made a mistake in its decision, such mistake was a judicial error, and not an irregularity.

We adhere to our former opinion, as thus supplemented.

PARKER, C. J., and WATSON, J., concur.